CATHERINE McCANN, as Administratrix, etc., of SIMON McCANN, Deceased, Respondent, v. NEW YORK AND QUEENS COUNTY RAILWAY COMPANY, Appellant.

*Negligence — collision by a car with the rear of a carriage — charge as to the duty of the driver of the carriage.*

In an action to recover damages for the negligent killing of the plaintiff's intestate, the plaintiff contended that the intestate was driving upon the defendant's tracks when one of its cars approaching from the rear collided with his carriage, while the defendant contended that the intestate was driving along the side of its tracks and that when the car was within a few feet of the carriage the horses attached thereto either shied or were suddenly turned upon the tracks.

At the close of the main charge the defendant's counsel requested the court to charge that "if by the exercise of reasonable care Mr. McCann (the intestate) could have seen the approaching car and ought to have apprehended the danger of the situation, he was chargeable with negligence, for he was not at liberty to take even doubtful chances from being too near the track, in the face of danger, and in reliance on the successful attempt of the motorman to slacken the speed of the car." The court refused the request, saying, "We will not mix up this case. Gentlemen of the jury, you understand what the court said the issue was. That is a general proposition. Mr. McCann was the driver of this coach, his back was to this approaching car and he was under no legal obligation to look around to see if it was coming."

*Held,* that the exception to the refusal to charge, and also that to the charge as made, were well taken.

APPEAL by the defendant, the New York and Queens County Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of June, 1900, upon the verdict of a jury for $6,000, and also from an order, bearing date the 26th day of June, 1900, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*William E. Stewart,* for the appellant.

*Abram Kling,* for the respondent.

McLAUGHLIN, J.:

This action was brought to recover damages alleged to have been sustained by the plaintiff on the ground that the death of her intes-

tate was caused by the negligence of the defendant. There have been two trials. Upon the first the plaintiff had a verdict, and from the judgment entered thereon an appeal was taken to this court, where the same was reversed and a new trial ordered. (28 App. Div. 625.) On the second trial the plaintiff again had a verdict, and from the judgment entered thereon, and an order denying a motion for a new trial, this appeal is taken. On the former appeal this court — two of the justices dissenting — reversed the judgment and ordered a new trial on the ground that it did not appear that the defendant's car ran into the carriage which the intestate was driving, and for that reason the finding of the jury that the defendant was responsible for the collision was against the weight of evidence.

On the second trial substantially the same testimony was given as on the former one, and in addition thereto that of two other witnesses, Catherine Franklin and Charles Ewing. The witness Franklin testified that she was on the front seat of the carriage at the time the defendant's car ran into it, and that at that time the carriage was on defendant's tracks, and that she saw the car as it approached and when it collided with the carriage. The witness Ewing corroborated her in this respect, he testifying that he saw the car hit the back of the carriage. The fact that the defendant's car either collided with the carriage, or struck one of the horses attached to it, was not disputed. The defendant contended on the last, as it did on the former trial, that it was not responsible for the collision; that the intestate was driving along by the side of its tracks, and when the car was within a few feet of the carriage, the horses either shied or were suddenly turned upon the tracks, and before the motorman could stop the car the collision occurred, while the plaintiff contended that the intestate was lawfully driving upon the defendant's tracks, for the purpose of going to the Thirty-fourth Street ferry, and while thus driving, the defendant's car was carelessly, negligently and without warning run into the rear of the carriage and the intestate was thrown from his seat to the ground and injured.

The case as now presented is different from what it was on the former appeal, in that two witnesses testified positively that the defendant's car collided with the carriage. A question of fact was, therefore, presented as to which contention was correct, and for that

reason we are of the opinion that the court did not err in submitting the case to the jury. We are, however, of the opinion that the court did err in instructing the jury, and for that reason the judgment must be reversed. At the close of the main charge the defendant's counsel made the following request to charge: "I ask your Honor to charge that if by the exercise of reasonable care Mr. McCann could have seen the approaching car, and ought to have apprehended the danger of the situation, he was chargeable with negligence, for he was not at liberty to take even doubtful chances from being too near the track, in the face of danger, and in reliance on the successful attempt of the motorman to slacken the speed of the car." This request was refused, the court saying: " We will not mix up this case. Gentlemen of the Jury, you understand what the court said the issue was. That is a general proposition. Mr. McCann was the driver of this coach, his back was to this approaching car and he was under no legal obligation to look around to see if it was coming."

An exception was taken to the refusal to charge as requested, and also to the charge as made. Both exceptions were well taken. The intestate was under just as much obligation to avoid the collision as the defendant was. To entitle the plaintiff to succeed in the action she must establish by a fair preponderance of evidence two facts: (1) That the injury to the intestate which resulted in his death was caused by the negligence of the defendant; and (2) that his own negligence did not contribute thereto. When, therefore, the court said to the jury that the intestate "was under no legal obligation to look around to see " if the car was approaching, it in effect said that the jury need not consider the question as to whether or not the intestate's negligence contributed to his injury. This is not the law. The intestate was driving upon the defendant's tracks, according to the plaintiff's contention; and while driving there, if he knew that a car was approaching and was liable to or was about to collide with the carriage which he was driving, it was his duty to do whatever he could to prevent that collision; and if he did not do that, and by reason thereof he sustained an injury, the defendant could not be held liable for it. This rule is so well settled that it is unnecessary to cite authorities in support of it.

For the error thus committed the judgment and order must be

reversed and a new trial ordered, with costs to the appellant to abide the event.

O'BRIEN, INGRAHAM and HATCH, JJ., concurred; VAN BRUNT, P. J., concurred in the reversal as to the law and the facts.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.