### H. KOEHLER & CO. v. KENNEDY et al.

(Supreme Court, Appellate Division, First Department.   November 8, 1901.)

LEASE—AGREEMENT TO ASSIGN—RENEWALS—BREACH—FRAUD—INJUNCTION.

> Where one borrowed money, and assigned a leasehold interest as security, the assignment providing that the borrower would also assign any renewals of the lease, and subsequently, on the expiration of the lease, the lessor made one to the wife of the borrower, it was proper, in an action by the lender for the purpose of enforcing an assignment of the lease to it, to continue, pending the action, an injunction against a transfer of the leasehold interest.

Appeal from special term, New York county.

Suit by H. Koehler & Co. against Patrick J. Kennedy and others. From an order continuing an injunction and appointing a receiver pendente lite, defendants appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward Browne, for appellants.
Emanual J. Myers, for respondent.

PATTERSON, J.   This is an appeal from an order continuing a temporary injunction, issued to prevent the transfer of a leasehold

interest in premises No. 2625 Eighth avenue, in the city of New York, and appointing a receiver. By the terms of the order, the defendant Johanna Kennedy, who was the nominal lessee, is allowed to remain in possession of the premises; the receiver only taking in his hands the instrument of lease. The plaintiff claims a right to an injunction, on the ground that the defendant Patrick Kennedy in December, 1897, borrowed from it the sum of $4,250, and gave a chattel mortgage upon personal property on the premises, and an assignment of the lease in question and of a liquor tax certificate. At that time the lease had about four years to run. The $4,250 was paid to Kennedy, and he used $4,000 of it in paying an indebtedness of his to third parties, and took the balance of the amount of the loan in cash. The lease expired on the 1st of January, 1901, with the debt due the plaintiff remaining unpaid, and it is still unpaid. The plaintiff alleges that by its agreement with Kennedy it was entitled to an assignment of any renewal of the lease that Kennedy might receive, and shows that, about the time of the expiration of the lease, Kennedy had various conversations with the agents of the plaintiff, in which he stated that he was about to procure a renewal of the lease, and that it would be assigned and transferred to the plaintiff as security. That it was originally contemplated between Kennedy and the plaintiff that any renewal of the lease should be assigned as security is clear, for in the assignment made of the original lease Kennedy stipulated that he would assign the renewals of that lease. There is no reference made to a renewal in the original lease to Kennedy, but it is evident that the plaintiff dealt with him on the basis that any renewal lease should be transferred to it as security. Instead of taking a renewal of the lease in his own name, a new lease of the premises was taken out in the name of Johanna Kennedy, the defendant Patrick Kennedy's wife. An affidavit on behalf of the plaintiff shows that Patrick Kennedy was inducing its officer to believe that he would get a renewed term, and would assign the renewal lease to the plaintiff. Both Patrick Kennedy and his wife swear that, the former being unable to carry on business, the latter treated with the landlord, and took a new lease in her name, in order that she might carry on the business. The court below was authorized to draw the inference that that was a sham and pretense, and that the lease was taken by Mrs. Kennedy as a mere cover for her husband.

The injunction was properly maintained until the cause can be tried, for there was enough to authorize the judge at special term to regard the transaction as being one intended on the part of the Kennedys to deprive the plaintiff of the security of the lease. It appears that a lease of the premises, which are advantageously situated for the carrying on of the liquor business, would have substantial value as security to the plaintiff.

The order should be affirmed, with $10 costs and disbursements. All concur.