Y. Supp. 682, with the one exception that the relator herein resides in the borough of Manhattan, instead of the borough of the Bronx. This exception, however, clearly distinguishes this case from that. In the Melledy Case we held that the civil service commission had no power to subdivide existing localities into districts, but that it did have power to certify separate lists to such localities as had been created by legislative act. The city of New York has been divided by the legislature into boroughs. The bridge department of the city extends to all of the boroughs, and therefore the civil service commission had the power, under section 17, c. 370, Laws 1899, to certify separate lists of applicants for appointments to each borough. This the commission did, and the relator's name appeared upon the list certified for the borough of Manhattan, where he resided. By his application he seeks to be appointed, not in the borough of Manhattan, but in the borough of the Bronx, and his complaint is that his name was not certified to the latter borough; but, as indicated in the Melledy Case, he could not insist—the commission having determined otherwise—upon having his name certified to that borough, inasmuch as he did not reside therein, and for that reason his application for a peremptory writ of mandamus compelling the commissioners to certify his name for appointment in that borough was properly denied.

The order appealed from must therefore be affirmed, with $10 costs, and disbursements. All concur.

---

## McCANN v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

ACTION FOR PERSONAL INJURIES—SUCCESSIVE VERDICTS—POWER OF COURT TO SET ASIDE.

Where four successive juries in an action for personal injuries have brought in verdicts for the plaintiff, the last verdict should not be set aside as against the weight of evidence, unless the circumstances are extraordinary, and the verdict clearly outrageous.

McLaughlin and Ingraham, JJ., dissenting.

Appeal from trial term, New York county.

Action by Catherine McCann, as administrator of Simon McCann, deceased, against the New York & Queens County Railway Company. From an order setting aside a verdict for plaintiff and granting a new trial, plaintiff appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

M. P. O'Connor, for appellant.

William E. Stewart, for respondent.

LAUGHLIN, J. This is a statutory action to recover damages for the death of Simon McCann. The case has been tried four times, each trial resulting in a verdict for the plaintiff. The first verdict was for $6,000. On appeal it was set aside by this court as against the weight of evidence. 28 App. Div. 625, 50 N. Y. Supp.

912. On the second trial the plaintiff also recovered a verdict of $6,000, and on appeal it was held that the evidence required the submission of the case to the jury, but the judgment was reversed on an exception to the charge. 56 App. Div. 419, 67 N. Y. Supp. 748. The third verdict was for $12,000, and this was set aside as against the weight of evidence, and because the damages awarded were deemed excessive. 65 App. Div. 611, 72 N. Y. Supp. 1117. The last verdict is for $5,500. The sole ground upon which the respondent attempts to sustain the order is that the verdict is against the weight of the evidence upon the question of defendant's negligence and decedent's freedom from contributory negligence. It is stated under this point by the respondent that the decedent was guilty of contributory negligence, but it is not claimed that the evidence is materially different from that introduced upon the former trial, and the previous decisions of this court establish the plaintiff's right to have the case upon such evidence submitted to the jury. Even if these decisions were not res adjudicata upon those questions, there could be no doubt, from an examination of the record, that there was a conflict of evidence which carried the case to the jury, and that a nonsuit or dismissal of the complaint would have been error. We have, then, a case where a jury trial is guarantied by the constitution, and where the inferences to be drawn from the evidence upon material propositions are conflicting, which makes it the imperative duty of the court to submit the questions of fact to a jury for their determination. Williams v. Railroad Co., 155 N. Y. 158, 49 N. E. 672; McDonald v. Railway Co., 167 N. Y. 66, 60 N. E. 282.

There is nothing extraordinary in this case. This court has merely differed from the jurors on the inferences that should be legitimately drawn from the evidence. It is significant that in attempting to pass upon these questions of fact this court has not been unanimous. The first time the verdict was set aside upon that ground two justices dissented and the last time one dissented. It is plain that in these circumstances the trial court would have no right to nonsuit the plaintiff, and that the court cannot reverse and dismiss the complaint. These issues of fact must be ultimately decided by the jury. The single question presented, therefore, is whether this court can or should accomplish indirectly by setting aside the verdict what it could not accomplish directly, viz., prevent a recovery by the plaintiff. The statutory law on the subject is meager. Section 999 of the Code of Civil Procedure provides that the justice presiding at a trial may entertain a motion made upon his minutes to set aside the verdict upon the ground, among others, that it is "contrary to the evidence." There is, it is true, no express limitation as to the extent to which the court may exercise this power, but this authority is to be construed in the light of the settled practice of the courts. Where the right to a jury trial exists, it is intended that the verdict of the jury shall be conclusive upon the facts in the absence of legal error or bias, passion, prejudice, or corruption. Verdicts are set aside as against the weight of evidence, and new trials are granted on the theory that the jury have been influenced by bias, passion, prejudice, or corruption.

Juries are sometimes thus influenced, but a case would have to present exceptional and extraordinary features to justify the inference that three different juries selected at different times, without any knowledge of the previous history of the case, would be thus influenced.

The early decisions were to the effect that, where two successive verdicts are the same, the second would not ordinarily be disturbed on the ground that it was against the weight of evidence. Wilkie v. Roosevelt, 3 Johns. Cas. 206, 2 Am. Dec. 149; Gilligan v. Railroad Co., 1 E. D. Smith, 453; Seely v. Shaffer (Sup.) 10 N. Y. Supp. 283; Nichols v. Tuttle (Sup.) 12 N. Y. Supp. 394; Yeandle v. Yeandle (Sup.) 16 N. Y. Supp. 49; Haring v. Railroad Co., 13 Barb. 16; Fowler v. Insurance Co., 7 Wend. 275; Betsinger v. Chapman, 24 Hun, 16; Barrett v. Railroad Co., 45 App. Div. 225; 229, 61 N. Y. Supp. 9; King v. Association, 87 Hun, 591, 34 N. Y. Supp. 563. Sometimes, as in this case, a second verdict has been set aside as against the weight of evidence; but unless the circumstances are extraordinary, and the verdict is clearly outrageous, a court is not justified in setting aside a third verdict upon the same facts. Dorwin v. Westbrook, 11 App. Div. 394, 42 N. Y. Supp. 1123, affirmed in 158 N. Y. 742, 53 N. E. 1124; Nutting v. Railroad Co., 91 Hun, 251, 36 N. Y. Supp. 142; Id., 21 App. Div. 73, 75, 47 N. Y. Supp. 327; Scheftel v. Hatch (Sup.) 25 N. Y. Supp. 240; Kummer v. Railroad Co., 14 Misc. Rep. 507, 35 N. Y. Supp. 1066; Clark v. Jenkins, 162 Mass. 397, 38 N. E. 974.

While the trial court and the appellate division should not hesitate to set aside a verdict as against the weight of evidence, where the ends of justice appear to require a new trial, yet, when it comes to setting aside a third verdict rendered in an ordinary action possessing no extraordinary features, the court should hesitate lest it usurp the functions of the jury.

A sufficient number of trials has now been granted to remove any suspicion of the existence of bias, passion, prejudice, or corruption, and it becomes a mere matter of judgment on questions of fact. The administration of jurisprudence, where trial by jury is preserved, goes upon the theory that the judgment of 12 laymen upon a question of fact is safer than that of a smaller body of judges, who are more removed from the people. An unwarranted exercise of this power would sooner or later bring the judiciary into disrepute. We think any further interference with the verdict of the jury in this case would be unauthorized and unjustified. As appears by a recital in the order, the learned trial justice did not exercise his individual discretion, but he set the verdict aside upon the theory that it was his duty to do so under the last decision of this court. In this he was in error. This court merely determined that the case should be again submitted to the jury. The damages awarded are not excessive.

It follows from these views that the order should be reversed, and the verdict reinstated, with costs of the appeal to the appellant.

PATTERSON and O'BRIEN, JJ., concur.

McLAUGHLIN, J. (dissenting). The evidence adduced upon the last trial is substantially the same as that adduced upon the preceding one. There is no material change whatever, unless it be that the evidence on the part of the defendant has been strengthened. On the last appeal, this court, in reversing the judgment and ordering a new trial, held that the verdict was against the evidence, not only as to the defendant's negligence, but also as to the contributory negligence of the deceased. 65 App. Div. 611, 72 N. Y. Supp. 1117. That is the law of the case, binding upon the trial court, and I think upon this court, notwithstanding the personnel of it is changed.

But it is said the order should be reversed, and the verdict reinstated, because a jury has four times found in favor of the plaintiff. A wrong committed, no matter how often, never makes a right. This verdict is wrong. It is the result of misconception, prejudice, or partiality, and ought not to be approved by the court. Upon substantially the same state of facts we have several times declared that the plaintiff ought not to recover, and yet we are about to permit a recovery because the jury forsooth have for the fourth time committed the same wrong. The law imposes a duty upon this court to review verdicts, and whenever it can be seen that injustice has been done by reason of the jury not properly considering the evidence, or that its action has been influenced either by prejudice or partiality, then the court ought, in the discharge of its duty, to fearlessly exercise the power given to it by the statute, and right the wrong by setting the verdict aside and ordering a new trial, and this as many times as may be necessary to accomplish the proper result. Justice never tires, and an act ought not to be approved in its name which wrongfully takes property from one person and gives it to another.

I think the order appealed from should be affirmed.

INGRAHAM, J., concurs.