MEINRENKEN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

1. RAILROADS—DEATH OF PEDESTRIAN—GRADE CROSSINGS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action for the killing of a pedestrian at a railroad grade crossing or on a public way near the same, evidence held insufficient to show absence of contributory negligence.

2. SAME—APPEAL—THIRD VERDICT—WEIGHT OF EVIDENCE—REVERSAL.

Where, in an action for the death of a pedestrian at or near a railroad grade crossing, judgments in favor of plaintiff on two verdicts had been reversed for insufficiency of the evidence to show plaintiff's freedom from contributory negligence, and the evidence on the third trial was substantially the same as that on the former trials, a judgment for plaintiff based thereon would not be affirmed because it was a third verdict in favor of plaintiff, and had been sustained by the trial court over an objection that it was against the weight of the evidence.

Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Amelia S. Meinrenken, as administratrix of the estate of Gustave D. Meinrenken, deceased, against the New York Central & Hudson River Railroad Company. From the judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Robert A. Kutschbock, for appellant.
James P. Niemann, for respondent.

McLAUGHLIN, J. This is the third appeal by the defendant from a judgment in favor of the plaintiff. On the first trial the plaintiff had a verdict for $7,500, and the judgment entered thereon was reversed, and a new trial ordered (81 App. Div. 132, 80 N. Y. Supp. 1074), on the ground that it was against the weight of evidence as to the deceased being free from contributory negligence. On the second trial plaintiff had a verdict for $25,000, and the judgment entered thereon was again reversed (92 App. Div. 618, 86 N. Y. Supp. 1075) for the same reason. On the third trial plaintiff had a verdict for $10,000, for which judgment was entered, from which the present appeal is taken.

This judgment must also be reversed, for the reason that the evidence does not justify a finding that the deceased was free from contributory negligence, or that he exercised the care which the law imposed upon him in going upon the defendant's tracks. The facts are so fully stated in the opinions delivered on the two previous appeals that it is unnecessary to restate them here. The testimony adduced at the last trial, bearing upon the defendant's negligence and the deceased's freedom from negligence, was, with possibly one exception, substantially the same as that adduced upon the two previous trials. The one exception referred to is that upon the two previous trials the testimony tended to show that immediately before the train which struck and killed the deceased passed the 134th street crossing the deceased and his companion were observed standing on the paved crossing, and immediately after the train had passed the deceased's body was found 5 or 10 feet north of the crossing. On the last trial the place of the finding of the body was unchanged, but there was testimony to the effect that immediately before the train passed the deceased and his companion were seen 10 or 15 feet north of the paved crossing; that they were then observed passing around the end of a car which stood upon the side track. This change as to the deceased's position immediately preceding the accident does not aid the plaintiff; on the contrary, tends to show, if anything, affirmatively that the deceased lost his life by reason of his own negligence. Indeed, the respondent's attorney, in the brief presented, concedes that the evidence at the last trial "was substantially the same as on the former trials." What he does claim is that, the case having been tried three times, and a verdict having been rendered in plaintiff's favor each time, and the trial court having refused to set aside the third verdict, the appellate court ought not to interfere with the judgment entered thereon, even though, in its view, the verdict be against the weight of evidence. And in this connection our attention is called to several cases in some of which expressions are to be found in the opinions delivered to the effect that the appellate court ought not to set aside a verdict as against the weight of evidence where two previous verdicts to the same effect have been rendered. Whatever may be said of these expressions or the views entertained by the judges writing the opinions, we think they have no application here. This judgment is based upon a verdict which, in the opinion of this court, the jury had no right to render, and it has so declared on the

two previous appeals. The jury having no right to render the verdict, the judgment entered thereon is wrong, and to permit it to stand is, by judicial decree, to compel one person to give property to another. This the court has no more right to do than the jury had to render its verdict, and to do so would be wrong, and the two wrongs would not make a right. It matters not, therefore, how many times a jury may render a verdict upon this evidence, a judgment based thereon cannot be permitted to stand if the court discharges its duty.

The judgment and order appealed from therefore must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur, except LAUGHLIN, J., who dissents.

LAUGHLIN, J. I dissent on the authority of McCann v. Railroad, 73 App. Div. 305, 76 N. Y. Supp. 684; Williams v. Railroad, 53 App. Div. 648, 66 N. Y. Supp. 1148; Id., 81 App. Div. 444, 80 N. Y. Supp. 945, and Id., 177 N. Y. 534, 69 N. E. 1129.