### BEAKES v. HOLZMAN.

#### (Supreme Court, Appellate Term. May 23, 1905.)

1. LANDLORD AND TENANT—COVENANT TO REPAIR—BREACH—MEASURE OF DAMAGES.

The measure of damages for breach of an ordinary covenant of a landlord to repair is either the actual cost of making the repairs, or the difference in the rental value of the premises as they were, and as they would have been, had the contemplated repairs been made.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 563.]

2. SAME—CONTRACT—VALIDITY.

Where, after a tenant had notified her landlord that she would vacate the premises on account of defective pipes, the landlord promised that, if the tenant would remain, he would repair all the plumbing on the premises, and would pay the tenant all damages caused by water coming into the premises by reason of defective pipes, whereupon the tenant continued to occupy the premises, the landlord's contract was valid and based on a sufficient consideration.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 539.]

3. SAME—REDUCTION OF DAMAGES.

Where a landlord failed to repair the plumbing on the premises according to his contract with the tenant, the latter could not permit the pipes to remain out of repair for an unreasonable length of time, and thus

94 N.Y.S.—3

enhance her damages, but was bound to use diligent effort to reduce such damages by herself making necessary repairs.

4. SAME—PLEADING—PROOF.

In an action for rent, a counterclaim for damages for the landlord's failure to perform a covenant to repair water pipes was not defective for failure to allege that the tenant used diligent efforts to reduce the damages, by herself making necessary repairs; such diligence being a matter of proof, rather than pleading.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Charles H. C. Beakes against Regina Holzman. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Marks & Marks, for appellant.

Edward Galinger, for respondent.

TRUAX, J. This action was brought to recover rent for the months of July and August, 1904, for premises occupied by the defendant. The liability for payment of rent was not denied. The answer sets up a counterclaim, which set forth that the defendant was a tenant under a monthly hiring; that prior to August, 1904, the pipes and plumbing in the premises had frequently burst, doing damage to defendant's merchandise; that in June defendant notified plaintiff that she should vacate the premises on account of the defective condition of the pipes; that plaintiff thereupon promised and agreed that, if defendant would remain as a tenant of the plaintiff, the plaintiff would repair all plumbing in the premises, and would pay defendant all damages caused by water coming into the premises thereafter by reason of any defective pipes; that, in consideration of such agreement, defendant remained in said premises; and that in the month of August water again came into her premises through the defective pipes, and caused the damage for which she counterclaimed. At the day of trial, upon motion of plaintiff's counsel the counterclaim was dismissed, and judgment given for the plaintiff upon the pleadings.

Where there is an ordinary covenant to repair, made by a landlord, the measure of damages is bounded either by the actual cost of making the needed repairs, or the difference in the rental value of the premises as they were, and as they would have been, had the contemplated repairs been made. Schick v. Fleischauer, 26 App. Div. 210, 49 N. Y. Supp. 962; Reiner v. Jones, 38 App. Div. 441, 56 N. Y. Supp. 423; Golob v. Pasinsky, 72 App. Div. 176, 76 N. Y. Supp. 388; Frank v. Mandel, 76 App. Div. 413, 78 N. Y. Supp. 855; Goldberg v. Besdine, 76 App. Div. 451, 78 N. Y. Supp. 776. And if the promise of the plaintiff had been no greater, his liability would have been fixed within that limit, but he undertook to do more. The promise was to compensate defendant not merely for the cost of repairs, if the tenant should make them, but for all damage occasioned by reason of the defective pipes. This promise was founded upon a valid consideration, and was not an illegal obliga-

tion assumed by the plaintiff. Bronner v. Walter, 15 App. Div. 295, 44 N..Y. Supp. 583; Rauth v. Davenport, 60 Hun, 70, 14 N. Y. Supp. 69. The damages thus agreed to be paid by the landlord must be supposed to have been contemplated by the parties when such agreement was made. Of course, it was the duty of the defendant to make diligent effort to reduce the amount of damage by making necessary repairs, and she .could not permit the pipes to remain out of repair for an unreasonable length of time, and thus enhance her damages; but whether or not she did so is a matter of proof, and not pleading. Upon the pleadings the counterclaim should not have been dismissed, and the judgment must be reversed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.