AMELIA S. MEINRENKEN, as Administratrix, etc., of GUSTAVE D. MEINRENKEN, Deceased, Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*A verdict against the weight of evidence — not sustained because the third.*

Where, in an action brought to recover damages resulting from the death of the plaintiff's intestate caused by the alleged negligence of the defendant, the Appellate Division has reversed two judgments entered upon verdicts in favor of the plaintiff, on the ground that such verdicts were against the weight of evidence, it will not affirm a judgment entered upon a third verdict in favor of the plaintiff, which is also against the weight of evidence, as the court has no right to sustain a verdict which a jury had no right to render, no matter how many times a similar verdict has been rendered in the case.

LAUGHLIN, J., dissented.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of July, 1904, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 12th day of July, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Robert A. Kutschbock*, for the appellant.

*James P. Niemann*, for the respondent.

McLAUGHLIN, J.:

This is the third appeal by the defendant from a judgment in favor of the plaintiff. On the first trial the plaintiff had a verdict

for $7,500, and the judgment entered thereon was reversed and a new trial ordered (81 App. Div. 132) on the ground that it was against the weight of evidence as to the deceased being free from contributory negligence. On the second trial plaintiff had a verdict for $25,000, and the judgment entered thereon was again reversed (92 App. Div. 618) for the same reason. On the third trial plaintiff had a verdict for $10,000, for which judgment was entered, from which the present appeal is taken.

This judgment must also be reversed, for the reason that the evidence does not justify a finding that the deceased was free from contributory negligence or that he exercised the care which the law imposed upon him in going upon the defendant's tracks. The facts are so fully stated in the opinions delivered on the two previous appeals that it is unnecessary to restate them here. The testimony adduced at the last trial, bearing upon the defendant's negligence and the deceased's freedom from negligence, was, with possibly one exception, substantially the same as that adduced upon the two previous trials. The one exception referred to is that upon the two previous trials the testimony tended to show that immediately before the train which struck and killed the deceased passed the One Hundred and Thirty-fourth street crossing the deceased and his companion were observed standing on the paved crossing, and immediately after the train had passed the deceased's body was found five or ten feet north of the crossing. On the last trial the place of the finding of the body was unchanged, but there was testimony to the effect that immediately before the train passed the deceased and his companion were seen ten or fifteen feet north of the paved crossing; that they were then observed passing around the end of a car which stood upon the side track. This change as to the deceased's position immediately preceding the accident does not aid the plaintiff; on the contrary, it tends to show, if anything, affirmatively, that the deceased lost his life by reason of his own negligence. Indeed, the respondent's attorney, in the brief presented, concedes that the evidence at the last trial " was substantially the same as on the former trials." What he does claim is, that the case having been tried three times and a verdict having been rendered in plaintiff's favor each time, and the trial court having refused to set aside the third verdict, the appellate court ought not to interfere with the judgment entered

thereon, even though in its view the verdict be against the weight of evidence. And in this connection, our attention is called to several cases, in some of which expressions are to be found in the opinions delivered, to the effect that the appellate court ought not to set aside a verdict as against the weight of evidence where two previous verdicts to the same effect have been rendered. Whatever may be said of these expressions or the views entertained by the judges writing the opinions, we think they have no application here. This judgment is based upon a verdict which, in the opinion of this court, the jury had no right to render, and it has so declared on the two previous appeals. The jury having no right to render the verdict, the judgment entered thereon is wrong, and to permit it to stand is, by judicial decree, to compel one person to give property to another. This the court has no more right to do than the jury had to render its verdict, and to do so would be wrong, and the two wrongs would not make a right. It matters not, therefore, how many times a jury may render a verdict upon this evidence, a judgment based thereon cannot be permitted to stand if the court discharges its duty.

The judgment and order appealed from, therefore, must be reversed and a new trial ordered, with costs to appellant to abide event.

VAN BRUNT, P. J., and INGRAHAM, J., concurred; LAUGHLIN, J., dissented.

LAUGHLIN, J. (dissenting):

I dissent on the authority of *McCann* v. *New York & Queens County R. Co.* (73 App. Div. 305) and *Williams* v. *Delaware, Lackawanna & Western R. R. Co.* (53 id. 648; 81 id. 444; affd., 177 N. Y. 564).

Judgment and order reversed, new trial ordered, costs to appellant to abide event.