UHLFELDER et al. v. LOUGHRAN.

(Supreme Court, Appellate Term.  June 6, 1907.)

1. LANDLORD AND TENANT—RENT—ACTIONS—COUNTERCLAIM.

In an action for rent, damages accruing from breach of the landlord's covenant to repair may be set up as a counterclaim, though the tenant occupied the premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 892.]

2. SAME—REPAIRS—COVENANTS TO REPAIR—CONSIDERATION.

The fact that a lease is oral does not affect the rule that damages for the breach of the landlord's covenant to repair may be allowed as counterclaim in a suit for the rent, if a valid consideration be shown for the covenant to repair.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 892.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Simon Uhlfelder and another against Frank E. Loughran. From a judgment for plaintiffs, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Morris Bradford Butler, for appellant.

Max Silverstein, for respondents.

GOFF, J.  This is an action for one month's rent due from defendant to plaintiffs under an oral lease.  Defendant was a tenant in an apartment house at the corner of Riverside Drive and Ninety-Fifth street, when in April, 1906, it came into the hands of plaintiffs, to whom defendant attorned.  In September following defendant agreed to continue for another year, but no lease was ever signed.  Some repairs were to be made; but whether that promise was made before the renewal, and as a special inducement therefor or whether the promise was subsequent thereto, is the point at issue.  If made after the oral lease was completed, it is evident that such a promise would be

without consideration, and therefore unenforceable. The defendant's contention is that he had already planned to go to a newly finished apartment, upon hearing which, plaintiffs promised to make certain repairs, which were specified, if defendant would remain. Upon that promise defendant agreed to re-lease at an advance of $25 a year. Much conflicting testimony was offered as to whether the work was ever completely finished and as to the character of the work that was done. It was not disputed that defendant paid his October rent some time within the latter part of the month. Defendant set up a counterclaim for $75 for failure to repair and demanded a jury trial. On substantially these facts the court directed a verdict for the plaintiffs for $52.08, with the exception of the amount of $10, which defendant testified he had been compelled to spend in repairing the floors. Whether this latter sum should be allowed was left with the jury, who returned a verdict for plaintiffs for the full amount.

Although failure to repair is not a defense to an action for rent, the damages accruing thereby may be set up as a counterclaim, and "the taking and retaining of the demised premises by the lessee is not inconsistent with a remedy on the covenants to repair made with the landlord, and would not be a waiver of the tenant's right to claim damages for a breach." Thomson-Houston Electric Co. v. Durant Land Imp. Co., 144 N. Y. 34, 44, 39 N. E. 7. In a case quite similar to the one at bar the court said:

"Where there is an ordinary covenant to repair made by a landlord, the measure of damages is bounded either by the actual costs of making the needed repairs or the difference in the rental value of the premises as they were and as they should have been, had the contemplated repairs been made. Upon the pleadings the counterclaim should not have been dismissed, and the judgment must be reversed." Beakes v. Holzman, 47 Misc. Rep. 384.

See, also, Code, § 501; Cook v. Soule, 56 N. Y. 420; Kelsey v. Ward, 38 N. Y. 83; Myers v. Burns, 35 N. Y. 269; Cook v. Soule, 56 N. Y. 420; Reiner v. Jones, 38 App. Div. 441, 56 N. Y. Supp. 423; Ely v. Spiero, 28 App. Div. 485, 51 N. Y. Supp. 124; Elwood v. Forkel, 35 Hun, 202.

The respondents' contention that the case at bar is to be distinguished, for the reason that the lease is oral, is without foundation, if a valid consideration be satisfactorily established. The learned court below erred in directing a verdict for plaintiffs.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.