### PERLMAN v. BROOKLYN HEIGHTS R. CO.

(Municipal Court of City of New York, Borough of Manhattan, Second District. May 27, 1912.)

APPEAL AND ERROR (§ 1006*)—VERDICT—CONCLUSIVENESS.

The fact that a verdict for plaintiff is the third verdict rendered for him will not as a matter of law prevent it from being set aside if palpably against the weight of the evidence, or not predicated upon the evidence, or grossly unjust.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3951–3954; Dec. Dig. § 1006.*]

Action by Jacob Perlman, an infant, against the Brooklyn Heights Railroad Company. On motion for new trial after verdict for plaintiff. New trial granted.

Chas. S. Rosenthal, of New York City, for plaintiff.
Geo. D. Yeomans, of Brooklyn (Saml. J. Reid, of counsel), for defendant.

OPPENHEIMER, J. This is an action to recover $500 damages for personal injuries by the plaintiff, a boy of 15 years of age, who was injured while alighting from one of the defendant's cars. To prove the defendant's negligence and his freedom from contributory negligence, the plaintiff offered only his own testimony. The plaintiff was necessarily an interested witness.

The defendant called, in addition to the motorman and conductor, several apparently disinterested witnesses. The plaintiff having offered a scintilla of proof tending to establish the defendant's negli-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gence and his freedom from contributory negligence, I was compelled, under familiar authorities, to submit this case to the jury. The jury rendered its verdict for $50. The plaintiff had two verdicts, each for precisely the same amount as the present verdict, from two juries upon prior trials, the first before the learned Mr. Justice Seaman, and the second before the learned Mr. Justice Fallon. Both verdicts were set aside by the trial justices as against the weight of the evidence. Their opinions are on file.

Although I am very reluctant to set aside verdicts of juries, I am satisfied that the present verdict requires a similar disposition, but am confronted by a rule of law which the plaintiff's attorney urges as a bar to the exercise by me of my right to set aside the verdict of the jury. It is contended by the plaintiff's attorney that, when two verdicts have been set aside as against the weight of evidence, as a matter of law the trial justice may not set aside the third verdict upon the same ground. I know of no such rule of law in this department. I have carefully read the authorities which have been submitted to me by the plaintiff's attorney in support of the proposition of law for which he contends, and am satisfied that there is no hard and fast principle of law which precludes a trial justice from setting aside a verdict which is overwhelmingly against the weight of evidence, and which, if permitted to stand, would work great injustice, merely because two other juries rendered the same verdict. A verdict which is clearly unjust will not be permitted to stand, no matter how many juries insist on rendering it. Of course, in the light of the principle interest reipublicæ ut finis litium sit, courts have repeatedly refused to interfere with a third verdict, where they might have set aside the verdict had it been the result of a first trial. But in all of these cases it will be found that there is at least some basis for a reasonable difference of opinion as to the justice of the verdict, and the fact that it was thrice rendered the same way is often considered by the court as a circumstance in support of the claim that there is a reasonable basis for the verdict. But there is no case to be found, I think, in the books, which is authority for the proposition that a verdict palpably against the weight of evidence, predicated upon considerations other than the evidence, and grossly unjust, may not be set aside simply because two juries on previous occasions undertook to render similar verdicts. Unjust verdicts, when they are clearly so, can have no recognition in law, and will be set aside no matter how many times the juries persist in rendering them.

A persistence in the prosecution of this action by the plaintiff in forma pauperis in the hope of success based upon the familiar frailties of juries to award sympathy verdicts, when clearly there is no merit in his claim, as his attorney must appreciate after three trials, would in my opinion involve an abuse of the process of the court, and subject the defendant and the court to an unwarranted annoyance and expense, as well as delay the administration of justice in other pending cases.

In passing, I may add that the accident happened about five years ago, in the year 1908, and the first action was brought several years

ago. The plaintiff's attorney, therefore, had ample opportunity of ascertaining whether the defendant's various disinterested witnesses were worthy of belief.

The plaintiff's attorney relies principally upon the recent case of Ridgely v. Taylor Co., 126 App. Div. 304, 110 N. Y. Supp. 665 (Second Department). Even in that case expressions can be found in the opinion of the able justice writing for the court, which would justify a trial justice in setting aside a verdict of a jury where the jury has failed to give to the evidence proper consideration, and the plaintiff's version is highly improbable. In the case of Meinrenken v. Central R. R. Co., 103 App. Div. 319, 92 N. Y. Supp. 1015 (First Department), the plaintiff on the first trial had a verdict of $7,500, on the second trial a verdict for $25,000, and on the third trial $10,000. All three verdicts were set aside by the Appellate Division in the First Department. That case was decided as recently as 1905. The court in the course of the opinion says:

"This judgment is based upon a verdict which, in the opinion of this court, the jury had no right to render, and it has so declared on two previous appeals. The jury having no right to render the verdict, the judgment rendered thereon is wrong, and to permit it to stand is, by judicial decree, to compel one person to give property to another. Two wrongs do not make a right. It matters not, therefore, how many times a jury may render a verdict upon this evidence, a judgment based thereon cannot be permitted to stand, if the court declares its duty."

There is quite a full discussion of the subject of setting aside third verdicts of juries in "Bench and Bar" for October, 1911, at pages 8 and 26, and the following language at the end of the last article on page 28 is quite apropos. It is as follows:

"It is difficult to find a satisfactory and logical reason for the rule which terminates the discretionary power of the trial court or Appellate Division to reverse upon facts at the point where a third verdict is rendered. An erroneous statement does not become correct, or a wrong thing right, because said or done for the third time, and the evidence that a wrong has been committed is in every case the same, to wit, the record, which in the case supposed, is substantially the same upon each appeal. A rule which makes the verdict of 12 or 24 men, upon that evidence, reviewable, upon the facts, but the verdict of 36 men unassailable is hardly a reasonable one."

The case at bar was tried before a jury of six men. Under the authorities I have no alternative but to order a new trial, although, had I the power, I would render judgment for the defendant. The defendant's motion to set aside the verdict of the jury and for a new trial is granted. The case is set down for a new trial for the 3d day of June, 1912.