GNECCO v. PEDERSON.

(Supreme Court, Trial Term, Queens County. March 1, 1915.)

1. NEW TRIAL ⊗⇒159—MOTION BY BOTH PARTIES—GROUNDS.

That both parties are dissatisfied with a verdict for plaintiff and move to set same aside does not authorize the court to grant the motion.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 319; Dec. Dig. ⊗⇒159.]

2. MUNICIPAL CORPORATIONS ⊗⇒706—STREETS—AUTOMOBILE ACCIDENT—NEGLIGENCE—QUESTIONS FOR JURY.

Where, in a pedestrian's action for injuries from being struck by an automobile, plaintiff's evidence tended to show that the automobile was traveling fast and suddenly swerved from one side of the street to the other, and struck him while he was walking on a side path, and defendant's evidence tended to show that he lost control of the machine, while it was going slowly, in consequence of a dog's running against the front wheel, and that plaintiff, when struck, was walking on the macadam and not on the side path, the questions of negligence and contributory negligence were for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ⊗⇒706.]

3. MUNICIPAL CORPORATIONS ⊗⇒705—STREETS—OPERATION OF AUTOMOBILES—REASONABLE CARE.

That a pedestrian is walking on the macadam instead of on a side path of a street will not relieve an automobile driver from his duty to exercise reasonable care.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. ⊗⇒705.]

4. APPEAL AND ERROR ⊗⇒1195—EFFECT OF REVERSAL—LAW OF THE CASE.

That a verdict for plaintiff was set aside on appeal as against the evidence did not require that a subsequent verdict found for him by the jury from a consideration, by agreement, of the printed minutes of the testimony given on the former trial, be set aside.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. ⊗⇒1195.]

5. NEW TRIAL ⊗⇒78—SUCCESSIVE VERDICTS—EVIDENCE.

Where four juries have agreed that plaintiff has proved his case by a preponderance of the evidence, the fourth verdict will not be set aside as against the evidence, unless clearly wrong.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 162–165; Dec. Dig. ⊗⇒78.]

---

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. NEW TRIAL ⬚75—GROUNDS—INADEQUACY OF VERDICT.

A verdict for plaintiff, in a personal injury case, will not be set aside as inadequate unless the inadequacy is shocking.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 151, 152; Dec. Dig. ⬚75.]

Action by James Gnecco against Hans P. Pederson. Verdict for plaintiff, and both parties move to set verdict aside. Motion denied. See, also, 165 App. Div. 235, 151 N. Y. Supp. 105.

M. P. O'Connor, of Long Island City (Frank Herwig, of New York City, of counsel), for plaintiff.

William G. Johnson, of New York City, for the defendant.

BENEDICT, J.  [1] Both parties move to set this verdict aside, the defendant upon the customary grounds, the plaintiff because it is inadequate; but the fact that both sides are dissatisfied with the verdict furnishes no legal ground for interference with it by the trial court. The responsibility rests upon the conscience of the court and cannot be shouldered off on to counsel. The vicissitudes of this litigation reveal a situation which is unusual. The present is the fourth verdict which juries have awarded to the plaintiff. Upon the first trial the plaintiff recovered a verdict of $2,250, which was set aside, without opinion, by the Appellate Division as against the weight of the evidence; one justice dissenting. The second trial resulted in a verdict for $2,000, which was likewise set aside by the Appellate Division, without opinion, as against the weight of evidence. The third trial resulted in a verdict of $3,250, and this was also set aside as against the weight of the evidence, with an opinion in which three justices concurred and from which two dissented. The fourth trial resulted in a verdict for $400, and it is that verdict which I am asked to set aside. The last trial presented the unusual feature of the presentation to the jury of both the claim and the defense by the reading of the printed minutes of all the testimony given on the third trial; no witnesses being called on either side. This course was adopted by consent of counsel. The jury therefore judged the facts impartially upon a cold record alone, and could in no way have been swayed or prejudiced by the recital of the facts from the mouths of living witnesses. It is not unlikely that this fact accounts for the smallness of the verdict, as compared with those previously awarded.

Each of these trials was presided over by a different member of this court, and none of them, upon the previous trials, felt impelled to set the verdicts aside; and now 12 jurymen, in addition to the previous 36, have found the facts of this case in favor of the plaintiff and against the defendant.

[2, 3] The action was one for the alleged negligence of the defendant in the operation of his automobile upon Queens avenue, between Twenty-Fourth and Twenty-Fifth streets, in the borough of Queens. The plaintiff claims that, while he was walking along the highway upon a clear afternoon in March, 1910, he was struck by the defendant's car traveling fast in the opposite direction; that, because of its sudden

---

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

swerving from its course upon the southerly side of the roadway, it struck him as he was walking along the northerly side of the highway. The defense was that the defendant lost control of the machine, which was going slowly, he claims, solely by reason of the fact that one of two dogs, which were playing on the highway in front of the automobile, ran into the left front wheel and·deflected it from its course, thus causing the automobile to come into collision with the plaintiff. The plaintiff endeavored to establish the fact that, at the time when he was struck, he was walking on a side.path worn in the grass wing on the northerly side of the macadam roadway laid in the center of the highway. This macadam roadway was 18 feet wide, and the defendant's car, being south of its median line, as he contends and as is justified by the evidence, must have crossed at least 9 feet.of macadam (and, of course, more in a diagonal course), before reaching the edge of the northerly wing of grass, where it was found to be when it came to a stoppage with the plaintiff clinging to it. The defendant contended that the plaintiff was not upon the side path but upon the macadam, but this circumstance, even if true, would not change the duty of·reasonable care which each owed to the other. In this state of the testimony, it was imperative that the questions of the defendant's negligence and of the plaintiff's freedom from contributory negligence should be submitted to the jury; and the court would have erred if it had taken them from the jury, even though it would, in case of a verdict for the plaintiff, have felt obliged to set the verdict aside as against the weight of the evidence.

[4, 5] The defendant contends that the court should now set the verdict aside, in view of the decision of the Appellate Division upon the last appeal that the weight of the evidence then before it, and which was precisely the same as upon the present trial, was contrary to the verdict. I think not. The prime object which courts should keep in view is the determination of controversies. This is what they are organized for, not to prolong strife nor inspire a litigious spirit. To attain this object, they should constantly strive on the one hand, not to become lax in the enforcement of legal rights, and on the other not to permit subtlety and technicality to frustrate the "very right of the matter." It is an axiom that justice never tires, but it is equally true that justice deferred frequently becomes injustice. It is time this wasteful litigation was at an end. It has occupied the attention of the courts quite long enough for the good of the litigants; and, unless the present verdict is "clearly outrageous," it should not be disturbed. As Justice Woodward observed in Ridgely v. Taylor, 126 App. Div. 303, 305, 110 N. Y. Supp. 665, 667: ·

"If the provision of the Constitution is to remain 'inviolate forever,' it must not be violated either in form or spirit. There can be no justification, where there is evidence to support a proposition, to continually set aside the verdicts of juries until a jury happens to be found to agree with the trial court."

He further said:

" 'When evidence is weighed, to determine whether a fact has been proven thereby, all the qualities going to make up what is termed ability and credibility in a·witness must be fully considered in order to arrive at a truth. And

who should so weigh and consider these qualities? Most evidently the jury. The court cannot discharge this duty for them, because the very opinion which they may form from these questions of ability and credibility in truth determines their finding. * * * If the witness, from want of intelligence, or from any other cause, is incompetent under the rules of law, the court will not permit him to testify; but, when the evidence of the witness is before the jury, all questions of credibility are for them, and for them alone.' We have not seen the witnesses. We know nothing of their appearance upon the stand, and the thousand and one little matters that enter into the problem of credibility, and 36 men, fixed upon by the Constitution as the triers of fact, having held with the plaintiff, and even the trial justice not appearing to have acted upon any conviction of his own that the trial was not fair and impartial, it would seem to be time that we recognized the right of the jury to assume the responsibilities of this controversy and to end the litigation by restoring the verdict." 126 App. Div. 307, 110 N. Y. Supp. 668.

In McCann v. N. Y. & O. C. R. Co., 73 App Div 305, at page 307, 76 N. Y. Supp. 684, at page 685, Justice Laughlin says:

"Where the right to a jury trial exists, it is intended that the verdict of the jury shall be conclusive upon the facts, in the absence of legal error or bias, passion, prejudice, or corruption. Verdicts are set aside as against the weight of evidence, and new trials are granted on the theory that the jury have been influenced by bias, passion, prejudice, or corruption. Juries are sometimes thus influenced; but a case would have to present exceptional and extraordinary features to justify the inference that three different juries selected at different times, without any knowledge of the previous history of the case, would be thus influenced."

And further on (page 308 of 73 App. Div., on page 686 of 76 N. Y. Supp.) he says:

"The court should hesitate lest it usurp the functions of the jury. A sufficient number of trials has now been granted to remove any suspicion of the existence of bias, passion, prejudice, or corruption, and it becomes a mere matter of judgment on questions of fact. The administration of jurisprudence, where trial by jury is preserved, goes upon the theory that the judgment of 12 laymen upon a question of fact is safer than that of a smaller body of judges who are more removed from the people. An unwarranted exercise of this power to set aside verdicts as against the weight of the evidence would sooner or later bring the judiciary into disrepute."

See, also, Williams v. Delaware, L. & W. R. R. Co., 61 App. Div. 444, 80 N. Y. Supp. 945, a case wherein a fourth verdict in favor of a plaintiff was held to be binding upon the court.

I am aware that the doctrine of the conclusiveness of three successive verdicts in favor of the same party, as announced in the McCann Case, was later overruled in the First Department in Meinrenken v. N. Y. Central & H. R. R. Co., 103 App. Div. 319, 92 N. Y. Supp. 1015. It has not, however, been abrogated in the Second Department, where the Ridgely Case is still followed. Four juries have without dissent agreed that the plaintiff in the present case has proved his case by a preponderance of the evidence. They are (or should be under our system) the final arbiters of the facts; and, if I am compelled to choose between sustaining what I believe to be a just verdict and bearing the charge of apparent recalcitrance, I must, with the greatest deference, adopt the former alternative.

[6] If I were to set the verdict aside, it would only be on the ground of inadequacy; but, as I have pointed out, this relatively small

verdict was doubtless due to the method adopted by counsel in presenting the evidence to the jury from the record of the previous trial rather than by living witnesses. It is the province of the jury and not of the court to assess the damages, and the court should not interfere upon this ground, unless the inadequacy be shocking. If, upon appeal, the present verdict be still thought to be contrary to the evidence, the Appellate Division may, and doubtless will, if it deems the plaintiff's proofs insufficient to support the action, dismiss the complaint on the ground that there appears no reasonable probability that the case could be changed in any material aspect on another trial. This was done in Brackett v. Griewold, a case in which that course was approved by the Court of Appeals. See 128 N. Y. 644, 28 N. E. 365.

Motion denied, and exceptions granted to both parties. Thirty days' stay and thirty days to make case allowed after service of notice of entry of judgment.