JAMES EVERARD'S BREWERIES, Appellant, v. HENRY WOHL-STADTER and Others, Respondents.

First Department, May 4, 1917.

Mortgage on lease — dispossession of mortgagor without notice to mortgagee — execution of new lease to wife of mortgagor — equity — new lease covered by prior mortgage — receiver.

Where in an action to foreclose a mortgage upon a lease and for a judgment that a renewal lease was also subject to the mortgage it appears that the mortgagor, having defaulted in the payment of rent, was dispossessed by undefended summary proceedings of which no notice was given to the plaintiff mortgagee, and that the landlord immediately thereafter relet the premises to the wife of the mortgagor on similar terms and that the defendant continues to conduct the business in his wife's name, it is apparent that here was a concocted scheme to cheat the plaintiff out of its security, and hence on equitable principles the rights of the mortgagee attach to the new lease.

In such suit it is proper for a court to take the mortgaged property into its possession through a receiver, who may be authorized to continue the business in order that the value of the lease as security may not be impaired.

APPEAL by the plaintiff, James Everard's Breweries, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of March, 1917, granting defendants' motion to vacate an order appointing a receiver herein *pendente lite.*

*Walter E. Ernst,* for the appellant.

*Rudolph Marks,* for the respondents.

SCOTT, J.:

The action is for the foreclosure of a mortgage upon a lease, and for a judgment that a renewal lease is subject to the mortgage. The mortgage, which was given to secure an indebtedness for $2,470 due to plaintiff, was made in May, 1915, and covered two leases, one running from May 1, 1913, for three years, and the other running from May 1, 1916, for five years. The mortgage provided that in case of default by the mortgagor a receiver might be appointed with power to carry on the business in said premises. The mortgagor did default and at plaintiff's instance a receiver was appointed with power to carry on the business as stipulated in the mortgage. By the order appealed from this receivership has been vacated. The lessee and mortgagor defaulted in the payment of the rent payable for the months of September, October and November, 1916, and the landlord instituted summary proceedings for the recovery of possession of the property. These proceedings were undefended and no notice of them was given to plaintiff in order to enable it to protect its security, and a warrant was issued in due course. The landlord immediately made a new lease of the same premises to the wife of the original lessee and mortgagor at the same rent for a term of six years and five months, and the new lessee now holds possession of the leased premises under this last-mentioned lease, her husband conducting the business therein in her name.

First Department, May, 1917.                    [Vol. 177.

It is quite apparent that these transactions, together with others disclosed by the moving papers not necessary to discuss in detail, indicate a concocted scheme to cheat the plaintiff out of its security. If the parties had been actuated by honest motives they certainly would have notified plaintiff of the threatened dispossession, to enable it to protect itself. That they did not do so is strong proof of a fraudulent intent. In a somewhat similar case, as to its facts, this court did not hesitate to declare a lease made to a wife, in renewal of a former lease to be a sham and pretense, and a mere cover for her husband. (*Koehler & Co.* v. *Kennedy*, 65 App. Div.. 611.) Under these circumstances upon very well established equitable principles the rights of the mortgagee attach to the new lease. (*Phyfe* v. *Wardell*, 5 Paige, 268; *Holridge* v. *Gillespie*, 2 Johns. Ch. 30; *Wunderlich* v. *Reis*, 31 Hun, 1; *McDonald* v. *Fiss*, 54 App. Div. 489.)

In view of the apparent right of the plaintiff to have his security stretched so as to cover the new lease, and also in view of the position taken by the mortgagor, and those who united with him in carrying out the scheme, that the new lease is not covered by the mortgage, it is necessary for the protection of plaintiff's apparent equities that the court should take the property into its possession, through a receiver appointed by it, and since the nature of the property is such that a complete cessation of business might seriously impair the value of the lease, it is proper that the receiver be authorized to continue the business.

The order appealed from is, therefore, reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.