JOHN H. A. CLARK *vs.* HIRAM H. JENKINS & another.

Plymouth.   October 16, 1894. — November 28, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Motion to direct a Verdict — Number of Times that Verdict may be set aside.*

The court may set aside a verdict as against the evidence, although a motion to direct a verdict for the defendant has been denied.

In this Commonwealth there is no rule of law limiting the number of times that a judge may set aside a verdict as against the evidence.

TORT, under St. 1887, c. 270, for personal injuries occasioned to the plaintiff while in the defendants' employ.

At the trial in the Superior Court, before *Bishop*, J., the defendants moved, at the close of the plaintiff's case, that the jury be directed to find a verdict for the defendants, on the ground that there was not sufficient evidence to sustain a verdict for the plaintiff, which motion was denied. At the close of the defendants' case they renewed the motion, which was again denied. The jury found for the plaintiff, and the defendants moved that the verdict be set aside for the reasons that it was against the law, and against the evidence and the weight of the evidence.

At the hearing on this motion the records of the Superior Court in this case were produced by the plaintiff, from which it appeared that the verdict found by the jury in this trial was the third verdict found for the plaintiff in this action, and that the preceding verdicts had been set aside upon like motions. The plaintiff asked the court to rule " that under these circumstances it had no authority to set the verdict aside, either on the ground that it was against the evidence or the weight of evidence, and that it would be an abuse of discretion on the part of the court to set it aside on either of those grounds."

The judge declined to give the ruling requested, and directed that the verdict be set aside upon the ground that it was against the evidence and the weight of the evidence; and the plaintiff alleged exceptions.

*W. J. Coughlan*, for the plaintiff.

*A. Lord*, for the defendants, was stopped by the court.

ALLEN, J.   The cases cited for the plaintiff show that it is
sometimes said to be the duty of the court to direct the jury to
return a verdict for the defendant, in cases where the whole evi-
dence is insufficient to support a verdict for the plaintiff.*   The
rule as declared by the Supreme Court of the United States
is, that in such a case " the court is not bound to submit the
case to the jury, but may direct a verdict for the defendant."
*Randall* v. *Baltimore & Ohio Railroad,* 109 U. S. 478.   *Schofield* v.
*Chicago, Milwaukee, & St. Paul Railway,* 114 U. S. 615.   In the
present case, the court may have thought it expedient to leave the
case to the jury without such direction, in the expectation that
they would find for the defendants, and thus save any further ques-
tion ; or for the moment it may have seemed doubtful whether
there was not some slight evidence entitling the plaintiff to go to
the jury.   However this may have been, the plaintiff has not re-
ferred us to any case where it has been held that the omission to
give such direction, on motion of the defendant, will debar the
court from afterwards setting aside a verdict for the plaintiff, as
against the evidence.   No such limitation of authority is found
in Pub. Sts. c. 153, § 6, providing that " the courts may at any time
before judgment in a civil action set aside the verdict and order
a new trial for any cause for which a new trial may by law be
granted."   We have no doubt of the legal authority of the court
to set aside the verdict, although the defendants' motion to direct
the jury to find a verdict for the defendants had been denied.

In this Commonwealth, there is no rule of law limiting the
number of times that a judge may set aside a verdict as against
the evidence.   On the other hand, it has been recognized that in
an extraordinary case the court may set aside any number of
verdicts that might be returned.   *Coffin* v. *Phenix Ins. Co.* 15
Pick. 291, 295.   *Denny* v. *Williams,* 5 Allen, 1, 5.   *Brooks* v.

---

* The counsel for the plaintiff cited in his brief *Denny* v. *Williams,*
5 Allen, 1 ; *Lamb* v. *Western Railroad,* 7 Allen, 98 ; *Reed* v. *Deerfield,* 8
Allen, 522, 524; *Nichols* v. *Chicago, Rock Island, & Pacific Railway,* 69 Iowa,
154; *Linkauf* v. *Lombard,* 137 N. Y. 417, 426; *Hemmens* v. *Nelson,* 138 N. Y.
517 ; *Schofield* v. *Chicago, Milwaukee, & St. Paul Railway,* 114 U. S. 615,
619 ; *Metropolitan Railway* v. *Jackson,* 3 App. Cas. 193 ; 11 Am. & Eng. Ency.
of Law, 245 ; 19 Am. & Eng. Ency. of Law, 43, 49, 50, note; *Scripps* v. *Reilly,*
38 Mich. 10; *Doane* v. *Lockwood,* 115 Ill. 490; *Bartelott* v. *International Bank,*
119 Ill. 259; *Griffin* v. *Chicago, Rock Island, & Pacific Railway,* 68 Iowa, 638;
Thompson, Trials, § 2710; *Nicholls* v. *Popwell,* 80 Ga. 604; Pub. Sts. c. 153, § 6.

*Somerville*, 106 Mass. 271, 275. See also *Davies* v. *Roper*, 2 Jur. (N. S.) 167; *State* v. *Horner*, 86 Mo. 71; *Wolbrecht* v. *Baumgarten*, 26 Ill. 291. The fact that three successive verdicts for the plaintiff have been returned does not of itself make it the legal duty of the court to allow the last verdict to stand if unsupported by sufficient evidence.

No other reason except those above referred to has been assigned for questioning the action of the court in setting aside the verdict for the plaintiff, and neither of these shows that the court exceeded its legal authority.        *Exceptions overruled.*

