CARL PARK v. ELECTRIC THERMOSTAT COMPANY.

January 25, 1899.

Nos. 11,273—(167).

New Trial—Payment of Costs.

There is neither a statute nor a rule of court requiring the payment of costs as a condition of granting a new trial on the merits; and hence it was not error for the trial court to refuse imposing such a condition in this case.

Same—Discretion of Court.

*Held*, further, that the trial court did not abuse its discretion in granting a second new trial.

Appeal by plaintiff from an order of the district court for Hennepin county, Lancaster, J., granting a motion for a new trial. Affirmed.

*James E. Trask,* for appellant.

*Wilson & Van Derlip,* for respondent.

BUCK, J.

This action was brought to recover from the defendant the balance claimed to be due for services rendered. There have been two jury trials of this action, the first one resulting in a verdict for the plaintiff in the sum of $364.93. Upon the defendant's motion, the court set aside this verdict, and ordered a new trial, but did not state the ground upon which such order was based. Subsequently a second trial was had, and resulted in a verdict for the plaintiff for $536.81. The court also set aside this verdict, upon motion of the defendant, but the grounds for doing so are not stated in the order. In the memorandum attached to the order, the court states that the verdict is so manifestly against the weight of evidence that a new trial ought to be granted.

In Wisconsin it is held that, in the absence of any stated ground for the order, the presumption is that it is made on the ground

that the verdict is against the weight of evidence; that is, on the merits. Cameron v. Mount, 86 Wis. 477, 56 N. W. 1094. Assuming, without deciding, that such is the correct rule, still it is not true that this ended the discretion of the trial court, and that it had no right to grant a second new trial, unless there was an entire absence of evidence to support the verdict. The rule in Hicks v. Stone, 13 Minn. 398 (434), would still apply, limited and modified by the fact that there had been two concurring verdicts in favor of the plaintiff. The trial judge might be justified in the exercise of his discretion in granting one new trial on the merits when to grant a second trial on the same evidence would be an abuse of discretion. The force to be given to the fact that there had been a previous verdict, also in favor of the plaintiff, is greatly reduced by the fact that the last verdict is over 45 per cent. greater than the first; but, so far from the manifest and palpable weight of the evidence being in favor of the last verdict, the preponderance of evidence was against it, at least as to the amount.

There is neither a statute nor rule of court requiring the payment of costs as a condition of granting a new trial on the merits; hence it cannot be held that the court erred in not imposing such a condition in this case.

Order affirmed.