### LACS v. JAMES EVERARD'S BREWERIES.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

1. PERSONAL INJURIES—NEGLIGENCE—QUESTION FOR JURY.

Plaintiff's evidence tended to show that his mother, holding plaintiff, an infant 3 years of age, by the hand, started to cross a street at a crossing, after looking in both directions, and when about halfway across they were knocked down, and the plaintiff run over, by a team attached to a wagon driven by defendant's servant. There was evidence that the driver was reading, while his assistant, a boy 14 years old, held the reins; that the team was being driven negligently, at the rate of seven or eight miles an hour. Defendant's evidence tended to show that plaintiff and the mother were separated, and that the latter, in running back after the child, brought both in front of the team in a manner not to have been anticipated by the driver. *Held*, that a verdict for plaintiff would not be set aside, as against the weight of the evidence.

2. SAME—EXAMINATION OF PERSON BY JURY.

In an action for injuries, it is not error for the plaintiff to exhibit his person to the jury.

3. SAME—EXCESSIVE DAMAGES.

A verdict for $20,000 damages for injuries to a child 3 years of age will not be set aside as excessive where it appears that the plaintiff was rendered a physical wreck, with little hope of recovery, and where his mental faculties were permanently impaired.

Appeal from special term.

Action by Jacob M. Lacs, minor, by Samuel Lacs, his guardian ad litem, against James Everard's Breweries. From a judgment in

favor of plaintiff, and an order denying defendant's motion for a new trial, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BURG, JENKS, and SEWELL, JJ.

Eugene Lamb Richards, Jr. (Arnold W. Sherman and David M. Neuberger, on the brief), for appellant.

Herman Gottlieb (Montague Lessler, on the brief), for respondent.

WOODWARD, J.   On the 22d day of October, 1896, in the city of New York, at the corner of Third avenue and Fifty-Fourth street, Jacob M. Lacs, then an infant of 3 years of age, was run over and seriously injured by a team attached to a wagon and driven by the defendant's servant.   There were two distinct theories of the accident presented by the evidence, and the jury has found in favor of the plaintiff, bringing in a verdict for $20,000.   The plaintiff's theory, which has been accepted as the true one by the jury, is that the plaintiff, with his mother, was walking along the west side of Third avenue, in a northwardly direction, and had reached the southwest corner of Fifty-Fourth street and Third avenue, starting to cross the street, Mrs. Lacs holding in her right hand the left hand of the plaintiff.   Plaintiff's mother had looked in both directions without discovering danger, but when about halfway across the street, following the crosswalk, she and the plaintiff, who was with her at the moment, were struck by the defendant's team, in the charge of defendant's servant, and knocked down, resulting in the injuries complained of.   There was evidence from which the jury might determine that the driver of the team was reading a book, while the reins were in the hands of his assistant, a boy of 14 years of age, and that the team was not stopped until after going a considerable distance beyond the point of the accident, and that the injuries to the plaintiff were due to the negligent manner in which the team was being driven, it having been turned abruptly across the crosswalk without any warning on the part of the driver, the team going at the rate of seven or eight miles an hour.   The defendant claimed that the team was going not over three or four miles an hour; that the plaintiff and the mother were separated; and that the mother, in running back after her child, brought both of them in front of the team in a manner not reasonably to have been anticipated by the driver; but the jury has found that this is not the true story of the accident, and the questions raised by this appeal relate to the law, rather than the facts.

We are asked to hold that the refusal of the court to dismiss the complaint at the close of the whole case was error, and that the motion to set aside the verdict and for a new trial should have been granted on the ground that the verdict was against the weight of evidence.   While there is no doubt of the authority of this court to set aside a verdict where it is evident that the jury must have been influenced by prejudice, passion, or other improper motive, the case now before us does not warrant such a conclusion.   If the jury believed the evidence in support of the plaintiff's theory of the case,

70 N.Y.S.—43

there is nothing improbable in it. It might have happened in the manner described by the plaintiff's witnesses, and it is not unreasonable to suppose that it actually did happen in that way. It is not disputed that the child was run over by the defendant's team, sustaining very serious injuries, and the questions of negligence on the part of the defendant, and the lack of contributory negligence on the part of plaintiff's mother, depended upon the manner in which the accident was brought about. The evidence upon this point was conflicting, but it was not so overwhelming in favor of the defendant's theory as to justify taking the question from the jury. The learned court at trial term, with all of the advantages of that position suggested by the court in Suhrada v. Railroad Co., 14 App. Div. 361, 43 N. Y. Supp. 904, has denied the motion; and we find no reason to interfere with the discretion thus exercised.

But it is urged that it was error to exhibit the person of the child to the jury, though no authority is invoked in support of the contention. Mulhado v. Railroad Co., 30 N. Y. 370, is clearly opposed to this contention; and in Railway Co. v. Botsford, 141 U. S. 250, 255, 11 Sup. Ct. 1000, 35 L. Ed. 734, the court say "that any one may expose his body, if he chooses, with a due regard to decency, and with the permission of the court, but that he cannot be compelled to do so. * * * If he unreasonably refuses to show his injuries, when asked to do so, that fact may be considered by the jury as bearing on his good faith, as in any other case of a party declining to produce the best evidence in his power."

It is urged that the verdict for $20,000 is excessive, and should be reduced; but when the condition of the plaintiff, as admitted by the defendant's own physician, is taken into consideration, it is hardly for this court to quarrel with the judgment of the jury. He must go through life with one arm, at least, completely paralyzed and gradually shrinking away, while it is by no means certain that he will ever recover the use of one of his legs to any great extent, and it is reasonable to conclude that his mental faculties are permanently impaired. In fact, the evidence of the physicians leads to the conclusion that this plaintiff is a physical wreck, and that this defect extends to his mental capabilities, likely to result in making him a constant source of expense, with very little hope that he will ever be of use to himself in providing for his necessities. The exact amount of money which will compensate him for these injuries is one about which reasonable men may fairly differ, and there is no reason why this court should interpose its judgment for that of the jury upon a point so wholly within the province of the latter, under the circumstances disclosed by the evidence.

Examining the exceptions taken to the rulings of the court upon the admission and exclusion of evidence, we find none which warrants a reversal of the judgment. The matters which were excluded upon the specific objections of the plaintiff were not intended to enlighten the jury upon the issues on trial before them, but tended rather to prejudice the plaintiff's case by reason of the misconduct of a previous attorney in the same case, and the charge of the learned trial court gave the defendant all of the benefit to which it was

fairly entitled by reason of the scandalous conduct of the case upon a former trial.

The judgment and order appealed from should be affirmed, with costs. All concur.