(107 App. Div. 250.)

### LACS v. JAMES EVERARD'S BREWERIES.

·(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

NEW TRIAL—SUCCESSIVE VERDICTS—CONCLUSIVENESS.

When a party has several times recovered a verdict on conflicting and substantially the same evidence, the court should not interfere with the last determination of the jury, though it is of the opinion that the verdict is against the weight of the evidence.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 162–165.]

Appeal from Trial Term, Kings County.

Action by Jacob M. Lacs, an infant, by Samuel Lacs, as guardian ad litem, against James Everard's Breweries. There was verdict for plaintiff, and from an order granting a new trial he appeals. Reversed.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ

Frederic E. Perham (Herrman Gottlieb, on the brief), for appellant.

John B. Stanchfield, for respondent.

RICH, J. This case has been tried three times, and has been here twice before. 54 N. Y. Supp. 1105; 70 N. Y. Supp. 672. Upon

each trial the plaintiff has recovered a verdict. The judgment entered on the first trial upon a verdict for $10,000 in favor of the plaintiff after unanimous affirmance by this court was set aside at Special Term, and a new trial ordered, on the ground that two witnesses (Rink and Collins) who gave evidence for the plaintiff had been bribed by the plaintiff's then attorney, with the knowledge of his guardian ad litem, to testify falsely upon the trial, and that the verdict had been obtained by imposition and fraud upon the court, by perjured testimony. Upon the second trial Rink and Collins were called and testified for the defendant; confessed that the evidence given by them for the plaintiff on the former trial was false, and that they had been convicted of the perjury, and served a term of imprisonment. They also testified to facts tending to show negligence on the part of the plaintiff's mother, in whose charge he was at the time of the injury. Upon that trial the plaintiff had a verdict for $20,000, and on appeal to this court the judgment entered thereon was unanimously affirmed; Goodrich, P. J., and Sewell, J., being of opinion that the amount of the recovery should be reduced. 61 App. Div. 431, 70 N. Y. Supp. 672. This judgment was subsequently reversed by the Court of Appeals upon an exception to the refusal of the trial court to admit certain evidence. 63 N. E. 448. Upon the third trial a verdict was rendered in favor of the plaintiff for $15,000, which was set aside by the trial justice, and a new trial was ordered, from which order this appeal is taken.

The memorandum opinion of the learned trial justice does not show the ground upon which the order was made, but we must assume that it was upon the ground that the verdict was against the weight of evidence, which is in fact the only debatable ground presented by the record. The charge under which the issues were submitted to the jury was free from error, and no errors appear to have been committed during the progress of the trial. Upon the last trial the witnesses were the same as upon the second, with the exception of Rink, who on the first trial testified for the plaintiff, on the second trial for the defendant, and died prior to the third trial. His testimony on the former trials was read, however, and was before the jury. No question is presented by this appeal that was not before this court on the second appeal and then carefully considered, except that the trial justice upon the second trial refused to set the verdict aside and grant a new trial, and in the case now before us the trial justice granted a similar motion. The defendant's contention is now, as it was then, that the credible evidence establishes negligence on the part of the plaintiff's mother, imputable to him, which contributed to the injury, and that (as counsel for the respondent states the proposition) "plaintiff's case was conceived in perjury, and that at the last trial as well as on the first the verdict obtained by plaintiff was founded on perjured evidence, and was contrary to the weight of credible testimony." On the former appeal this court refused to sustain this contention, holding that it was not warranted by the facts presented, and that "the case now before us does not warrant

such a conclusion." It was also said: "If the jury believed the evidence in support of the plaintiff's theory of this case, there is nothing improbable in it. It might have happened in the manner described by the plaintiff's witness, and it is not unreasonable to suppose that it actually did happen in that way." No satisfactory reasons why we should change or modify our views as then expressed are shown by the record on the present appeal. The determination of the issues involved, and the weight to be given to the testimony of the witnesses, were solely within the province of the jury. The plaintiff has for a third time recovered a substantial verdict upon conflicting evidence. On all the trials the questions of fact were sharply contested by able counsel, and the case is brought within the general and well-settled rule that when a party has several times recovered a verdict on conflicting and substantially the same evidence, an appellate court will not interfere with the last determination of the jury, even though its members are still of the opinion that the verdict is against the weight of the evidence.

In Kummer v. Christopher Street R. R. Co., 14 Misc. Rep. 507, 35 N. Y. Supp. 1066, the court refused to set aside the verdict, although it had set aside two former verdicts. Pryor, J., writing the opinion, said:

"Our conclusion as to the injustice of the former verdict was founded expressly upon our persuasion that the case was a fabrication. The question then, is exclusively as to the credibility of the witnesses for the plaintiff; and we are to decide whether, after three concurring verdicts in his favor, we shall set aside the last, because, in our opinion, supported by evidence unworthy of belief. * * * Three successive juries have avowed their conviction of the veracity of the witnesses for the plaintiff, however repugnant to probability their story may appear to us. Obviously, unless we are to usurp the prerogative of the jury in their peculiar function to determine the credibility of witnesses, we must give effect to the present verdict. Nelson v. R. R. Co., 7 Misc. Rep. 656, 28 N. Y. Supp. 50. Such is the immemorial practice in case of repeated verdicts for the same party upon the same proofs, even where the court still considers the verdict as contrary to the weight of evidence, namely, to yield its opinion to the reiterated conviction of the jury."

In Dorwin v. Westbrook, 11 App. Div. 394, 42 N. Y. Supp. 1123, affirmed 158 N. Y. 742, 53 N. E. 1124, cited with approval in many cases, the court had twice set aside the verdict in favor of the plaintiff as against the weight of evidence (71 Hun, 405, 24 N. Y. Supp. 955; 86 Hun, 363, 33 N. Y. Supp. 449), but refused to set aside the third verdict. Landon, J., in the opinion in that case, said:

"I think that the verdict is against the weight of the evidence. The question is, shall we again set aside the verdict? * * * As the jury are the final arbiters of the facts, the court must, after affording them reasonable opportunities to compare their own opinions of the facts with those held by the appellate court, finally accept the judgment of the jury."

To the same effect are Nutting v. Kings County Elevated R. Co., 21 App. Div. 72, 47 N. Y. Supp. 327; Barrett v. N. Y. C. & H. R. R. R. Co., 45 App. Div. 225, 61 N. Y. Supp. 9; Ludeman v. Third Avenue R. R. Co., 72 App. Div. 26, 76 N. Y. Supp. 128; McMahon v. Jacob, 76 App. Div. 346, 78 N. Y. Supp. 432; McCoy v. Munro, 76 App. Div. 435, 78 N. Y. Supp. 849; Cole v. Fall Brook Coal Co.,

87 Hun, 584, 34 N. Y. Supp. 572, affirmed 159 N. Y. 59, 53 N. E. 670. In McCann v. New York and Queens County R. Co., 73 App. Div. 305, 76 N. Y. Supp. 684, the order of the trial justice setting aside a verdict was reversed. In the opinion Mr. Justice Laughlin said:

"It is plain that in the circumstances the trial court would have no right to nonsuit the plaintiff, and that the court cannot reverse and dismiss the complaint. These issues of fact must be ultimately decided by the jury. The single question presented, therefore, is whether this court can or should accomplish indirectly by setting aside the verdict what it could not accomplish directly, viz., prevent a recovery by the plaintiff. * * * Where the right to a jury trial exists, it is intended that the verdict of the jury shall be conclusive upon the facts, in the absence of legal error, or bias, passion, prejudice, or corruption. Verdicts are set aside as against the weight of evidence, and new trials are granted on the theory that the jury have been influenced by bias, passion, prejudice, or corruption. Juries are sometimes thus influenced; but a case would have to present exceptional and extraordinary features to justify the inference that three different juries, selected at different times, without any knowledge of the previous history of the case, would be thus influenced. * * * A sufficient number of trials has now been granted. to remove any suspicion of the existence of bias, passion, prejudice, or corruption, and it becomes a mere matter of judgment on questions of fact. The administration of jurisprudence where trial by jury is preserved goes upon the theory that the judgment of twelve laymen upon a question of fact is safer than that of a smaller body of judges, who are more removed from the people. An unwarranted exercise of this power to set aside verdicts as against the weight of the evidence would sooner or later bring the judiciary into disrepute."

It follows from these views that the order appealed from should be reversed, and the verdict reinstated, with costs to the appellant. All concur.