MEROWITZ (MUFSON) v. MUTTOFSKY et al.

(Supreme Court, Appellate Term.   March 21, 1912.)

1. MASTER AND SERVANT (§ 330*)—NEGLIGENCE OF SERVANT—PRIMA FACIE CASE.

Where plaintiff was run into and injured by a vehicle on a city street, evidence that the wagon bore an inscription comprising the name, occupation, and address of defendants was sufficient to establish a prima facie case of defendants' negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330.*]

2. MASTER AND SERVANT (§ 330*)—INJURIES—EVIDENCE.

In an action for injuries to a traveler by being run into by a vehicle, evidence held to sustain a verdict finding that defendants were the owners of the vehicle and responsible for the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330.*]

3. NEW TRIAL (§ 78*)—SUCCESSIVE VERDICTS—VACATION.

The first verdict in favor of plaintiff for $65 was set aside for newly discovered evidence, and to obtain the presence of an important witness who had inadvertently absented himself. A verdict for plaintiff on the second trial was set aside as contrary to the evidence and the law, and the order affirmed on appeal. On the third trial the court directed a verdict for defendants, but subsequently set it aside on the ground that there were questions of fact that should have gone to the jury, and on the fourth trial plaintiff recovered a verdict of $150. Held, that an order setting it aside as against the weight of the evidence would be reversed, and the verdict reinstated.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 191; Dec. Dig. § 78.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jennie Merowitz (Mufson) against Hyman Muttofsky and another. From an order setting aside the verdict of a jury, granted in the Municipal Court of the City of New York, plaintiff appeals. Reversed and reinstated.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued February term, 1912, before SEABURY, GUY, and BI-JUR, JJ.

Samuel Kahan (Morris E. Gossett, of counsel), for appellant.
Amos H. Stephens (Louis Cohn, of counsel), for respondents.

BIJUR, J.   The learned trial judge, immediately upon the rendition of a verdict for $150, in response to an appropriate motion, set it aside as against the weight of evidence.

[1] A careful perusal of the voluminous record leads me to believe that, had the trial judge enjoyed the same opportunity to review the testimony at leisure and in detail, he would have come to a different conclusion.   I cannot but regard the evidence adduced on behalf of the plaintiff as having made out a very fairly convincing prima facie case of negligence chargeable to defendants, arising out of the fact that plaintiff was run over by a wagon bearing an inscription comprising the name, occupation, and address of defendants.

[2] The testimony of defendants respondents themselves, aimed at showing that no wagon owned or operated by them was at the place of the accident, is vague.   Their chief reliance was on the testimony of a third party, who claimed to have bought this particular wagon from defendants prior to the accident, and claimed, further, that it was being driven by one of his own drivers, and that he was following it in another wagon at the time of the accident.   Respondents claim that this witness' driver also testified that he saw the accident, in which, of course, he was involved as the primary party; but, on turning to the testimony, it will be observed that this driver claims that plaintiff came in contact only with the rear part of his (forward) wagon, and that he knew of this fact only because his employer, the chief witness, called out to him, "Stop! you have run over a lady." His employer, however, is careful—to the point of suspicion—to say that what he called out was, "Stop! *I think* you have run over a lady." The employer's testimony also is so self-contradictory, shifty, and, to my mind, unconscientious, as to warrant its total rejection.

[3] Nevertheless, well-known rules would cause me to hesitate long before venturing to override the judgment of the trial court, were it not for other considerations.   This is the fourth trial of the cause. The first verdict for $65 was set aside, ostensibly on the ground of newly discovered evidence, but substantially to enable the presence of an important witness who has inadvertently absented himself from the trial.   A verdict in favor of plaintiff on the second trial was set aside as contrary to the evidence and the law, and the order so setting it aside was affirmed in this court.   On the third trial, the trial court directed a verdict in favor of defendants, but subsequently set aside such direction on the ground that there were questions of fact that should go to the jury.   It seems to me that this case falls surely within the spirit, if not within the letter, of the reasoning followed by the Appellate Division in McCann v. N. Y. & Queens Co. R. Co.; 73 App. Div. 305, 76 N. Y. Supp. 684.   See, also, Ferguson v. Ferguson, Seld. Notes, 249.

No question is made about the actual occurrence of the accident or the injuries to the plaintiff, and the verdict cannot be assailed as excessive.

Order reversed, with costs, and verdict reinstated, with costs, and judgment directed therefor in the court below. All concur.