1. NEW TRIAL (§ 78*)—SUCCESSIVE VERDICTS—CONCLUSIVENESS.

A finding by three successive juries on disputed questions of fact in a negligence case should be deemed conclusive, in the absence of any circumstances tending to show that the jury was actuated by passion, prejudice, or corrupt motive; and the setting aside of the third verdict for plaintiff as against the weight of evidence was error, especially where the court denied a motion, made by defendant at the close of plaintiff's case, to dismiss on the ground that plaintiff had failed to make out a cause of action.

[Ed. Note.—For other cases, see New Trial, Cent. Dig., §§ 162–165; Dec. Dig. § 78.*]

2. JURY (§ 12*)—"TRIAL BY JURY"—CONSTITUTIONAL LAW.

Const. art. 1, § 2, in providing that "trial by jury" in "all cases where it has been heretofore used shall remain inviolate forever," meant that questions of fact shall be determined by juries, and not by the court.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 27–34, 82, 99, 101, 103; Dec. Dig. § 12.*

For other definitions, see Words and Phrases, vol. 8, pp. 7103–7107, 7821.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Perlman, by Jacob Perlman, his guardian ad litem, against the Brooklyn Heights Railroad Company. From an order of the Municipal Court of the City of New York (135 N. Y. Supp. 542), setting aside the verdict in his favor, plaintiff appeals. Reversed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Charles S. Rosenthal, of New York City, for appellant.

George D. Yeomans, of Brooklyn (James W. Carpenter, of Brooklyn, of counsel), for respondent.

GUY, J.    Plaintiff appeals from an order setting aside the verdict of a jury in favor of plaintiff (an infant) for $50 in an action to recover for personal injuries.    Two previous juries rendered verdicts for the same amount in favor of plaintiff, and each of said verdicts was set aside by the trial justice as against the weight of evidence.

. [1] The plaintiff appellant contends on this appeal that, three successive juries having found in favor of the plaintiff for the same amount, this verdict cannot be again set aside as against the weight of evidence.    The respondent cites, in opposition to plaintiff's contention, the decision of the Appellate Division, First Department, in the case of Meinrenken v. Central R. R., 103 App. Div. 319, 92 N. Y. Supp. 1015, where, in setting aside a third verdict, the court, Mr. Justice McLaughlin writing the opinion, says:

"This judgment is based upon a verdict, which, in the opinion of this court, the jury had no right to render, and it has so declared on two previous ap-

peals. * * * It matters not, therefore, how many times a jury may render a verdict upon this evidence. A judgment based thereon should not be permitted to stand, if the court discharges its duty."

The decision in that case, however, was based on the failure of the plaintiff to make out a case. The statement that "the jury had no right to render such a verdict" is in effect a decision that as matter of law there was not sufficient evidence upon which to base the verdict of the jury. That such was the meaning of the decision is shown by a later decision rendered by the same tribunal in Bertolami v. U. S. Eng. Co., 132 App. Div. 804, 117 N. Y. Supp. 826, where, in a learned opinion written by Mr. Justice Scott, the court, in refusing to set aside a third verdict in favor of the plaintiff, says:

"The plaintiff has thrice recovered a verdict for damages, and we have twice reversed the judgment in her favor. Three juries have found in plaintiff's favor, and, in my opinion, it is too late to question their findings on the facts."

In the case at bar, the court, in denying the motion, made by defendant at the close of plaintiff's case, to dismiss on the ground that the plaintiff had failed to make out a cause of action, and failed to show any negligence on the part of the defendant, and had failed to show himself free from contributory negligence, decided that the evidence was sufficient for the submission of these disputed questions of fact to the jury, and the finding of three successive juries on these disputed questions of fact should be deemed conclusive, in the absence of any circumstances tending to show that this jury was actuated by passion, prejudice, or corrupt motive.

Unless the system of trial by jury is to be entirely overthrown, there must be a point where the determination of a jury on questions of fact shall no longer be interfered with by the court. The power vested in a trial court to set aside a manifestly unjust verdict, where it is clearly the result of passion, prejudice, or corruption, was not intended as establishing the proposition that the verdict of a jury on questions of fact shall not be permitted to stand, unless it is in harmony with the views of the justice presiding.

[2] Section 2, art. 1, of the state Constitution, in providing that trial by jury "in all cases where it has been heretofore used shall remain inviolate forever," meant that questions of fact shall be determined by juries, and not by the court.

"There can be no justification, where there is evidence to support a proposition, to continually set aside the verdict of juries until a jury happens to be found to agree with the trial court." Ridgely v. Taylor Co., 126 App. Div. 304, 110 N. Y. Supp. 665, opinion by Mr. Justice Woodward.

"As the jury are the final arbiters of the facts, the court must, after affording them reasonable opportunities to compare their own opinions of the fact with those held by the appellate courts, finally accept the judgment of the jury." Dorwin v. Westbrook, 11 App. Div. 394, 42 N. Y. Supp. 1123.

"The time has come where interference with the verdict in this action by a trial justice would not only be contrary to well-considered precedent, but subversive of the fundamental theory of our system of procedure." Quick v. American Can Co., opinion by Mr. Justice Sawyer, affirmed on appeal to Appellate Division in 146 App. Div. 939, 131 N. Y. Supp. 1140.

See, also, opinion of Mr. Justice Martin in McDonald v. Met. St. Ry. Co., 167 N. Y. 71, 60 N. E. 282.

The order setting aside the verdict of the jury herein should therefore be reversed, and the judgment reinstated, with costs to the appellant. All concur.