JOHANNA LADWIG v. SUPREME ASSEMBLY EQUITABLE
FRATERNAL UNION.[1]

February 27, 1914.

Nos. 18,363—(212).

**New trial — discretion of court.**
   1. After two verdicts for the plaintiff the discretion of the court in grant-
ing a new trial for insufficiency of evidence should be exercised with cau-
tion. In this case the order granting a second new trial is sustained.

**Judgment notwithstanding verdict.**
   2. The defendant was not entitled to judgment notwithstanding the ver-
dict.

Action in the district court for Winona county to recover $1,000
upon defendant's benefit certificate of insurance upon the life of
Herman Ladwig in favor of plaintiff. The action was tried before
Snow, J., who denied defendant's motion for a directed verdict, and
a jury which returned a verdict of $714.70 in favor of plaintiff.
From an order denying defendant's motion for judgment notwith-
standing the verdict and from an order granting its motion for a
new trial, defendant appealed. From an order granting defendant's
motion for a new trial, plaintiff appealed. Affirmed on both appeals.
   *Kennedy & Kennedy,* for plaintiff.
   *Benjamin Poss* and *C. B. Schmidt,* for defendant.

DIBELL, C.
   This is an action on a benefit certificate. There was a verdict
for the plaintiff. On the alternative motion of the defendant for
a new trial or judgment the court denied the motion for judgment
and granted the motion for a new trial. Both plaintiff and defendant
appeal.
   1. The court granted the motion for a new trial upon the ground
that the evidence did not justify the verdict and stated the ground

[1] Reported in 145 N. W. 798.

in its order.   This brings the case within the rule laid down in Hicks v. Stone, 13 Minn. 398, (434) that an order granting a new trial for insufficiency of evidence will not be reversed unless the evidence is manifestly and palpably in favor of the verdict.

The only issue of fact to which the evidence related was whether the deceased made certain payments to the secretary of the defendant in August, 1911.   The secretary is dead.   Three witnesses gave evidence in support of the claim of payment.   There were circumstances attending the alleged payment which might be considered as against the fact of payment.   Several witnesses testified that the deceased made statements to the effect that he had abandoned, or intended abandoning, his insurance, and that he was not longer a member of the society.   We have read the evidence with great care.   The necessity of setting aside the verdict is not apparent to us.   We appreciate, however, that the court saw and heard the witnesses, and that we have but the printed evidence.   This is the second new trial.   It appears from the memorandum of the trial court, which is not made a part of the order, and it does not elsewhere appear, that the first new trial was granted because of insufficiency of evidence.   Conceding that both new trials were granted for insufficiency of evidence the rule in Hicks v. Stone still applies, "limited and modified by the fact that there had been two concurring verdicts in favor of the plaintiff."   Park v. Electric Thermostat Co. 75 Minn. 349, 77 N. W. 988.   But in setting aside a second verdict "the discretion should be exercised with caution, for there must be an end of litigation."   Fischer v. Sperl, 100 Minn. 198, 110 N. W. 853.   And see Van Doren v. Wright, 65 Minn. 80, 67 N. W. 668, 68 N. W. 22; Netzer v. City of Crookston, 66 Minn. 355, 68 N. W. 1099.   We reluctantly conclude that the order granting the second new trial must be sustained.

2. There is nothing in the defendant's claim that it was entitled to judgment notwithstanding the verdict.   The verdict was one usual in such cases and was supported by the evidence.

Order affirmed on both appeals.