[No. 14210.  Department Two.  January 12, 1918.]

# J. D. McCABE, *Appellant*, v. GUSTAF LINDBERG, *etc.*, *Respondent.*[1]

NEW TRIAL—INSUFFICIENCY OF EVIDENCE—SECOND TRIAL.  Where, on the second trial of a case, testimony was given by twelve witnesses who did not testify on the first trial, and the evidence on the first trial is not brought up, it cannot be said that the evidence was substantially the same in both trials, and the trial court is not bound to follow the former decision granting a new trial for insufficiency of the evidence.

APPEAL—REVIEW—NEW TRIAL—DISCRETION.  As the power to grant a new trial for insufficiency of the evidence is not limited or exhausted by granting one new trial, upon passing upon the discretion to grant successive new trials, the supreme court will determine whether the court or jury is more probably correct, keeping in mind the ultimate right to a jury verdict.

Appeal from an order of the superior court for Pierce county, Clifford, J., entered March 17, 1917, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile.  Affirmed.

*Govnor Teats, Leo Teats,* and *Ralph Teats,* for appellant.
*James B. Murphy* and *Robert C. Saunders,* for respondent.

MORRIS, J.—Appeal from an order granting a new trial upon the ground of insufficiency of the evidence to sustain the verdict.  It appears that this is the second new trial granted respondent.  Appellant contends that the verdict upon the first trial was set aside upon the same ground, and asserting that the evidence upon both trials was substantially the same, questions by his appeal the right of the trial judge to enter the order now complained of.  It is doubtful if the record properly presents the ground for setting aside the first verdict as insufficiency of the evidence, but we will

[1]Reported in 169 Pac. 841.

assume that it does for the purpose of disposing of the questions presented.

The record on the first trial is not here. We, therefore, cannot say that the evidence upon both trials was substantially the same. Upon that point counsel differ in presenting the case in their briefs and arguments; but inasmuch as respondent gives a list of twelve witnesses testifying upon the second trial, none of whom appeared at the first trial, which assertion is not denied by appellant, we think we may conclude that the evidence on both trials was not substantially the same, leaving for determination as the sole question the power of the lower court to grant a second new trial upon the ground of insufficiency of the evidence to justify the verdict.

Under our statute, insufficiency of the evidence to justify the verdict, or that it is against the law, is made a ground for the granting of a new trial by the trial court. Construing this statute, we have established the rule that it vests a discretion in the trial judge in granting new trials which we will not interfere with, unless it is made to appear that there has been a manifest abuse of such discretion. *Thomas & Co. v. Hillis*, 70 Wash. 53, 126 Pac. 62. In that case we gave it as our opinion that while, in the absence of statutory prohibition, there was no limit to the number of new trials that might be granted in a cause upon proper showing, it only applied generally when errors of law were complained of, and that there was a distinction where there was only a difference of opinion between the judge and the jury on mere questions of fact. In such cases, we there said, "where a case comes to this court after a second trial, it would seem that a more positive duty is put upon us; that is, to ascertain from the whole record whether it is more reasonable that the court is correct in its holding than is the verdict of the jury." The reason for this limitation upon the general rule is, as stated by Shaw, C. J., in *Coffin v. Phenix Ins. Co.*, 15 Pick. 291, that, after the court has aided

the jury by full and precise instructions as to the principles of law applicable to the case, and given them the proper guides for determining the preponderance of the evidence and the credibility of the witnesses, and the question is one of fact concerning which reasonable minds might honestly differ, it is the province of the jury ultimately and definitely to decide the issue. "Upon them the constitution and the law have placed the responsibility, and upon them it must rest." Having this rule in mind and citing the *Coffin* case, the same court in *Clark v. Jenkins*, 162 Mass. 397, 38 N. E. 974, said:

"In this commonwealth, there is no rule of law limiting the number of times that a judge may set aside a verdict as against the evidence. On the other hand, it has been recognized that in an extraordinary case the court may set aside any number of verdicts that might be returned. . . . The fact that three successive verdicts for the plaintiff have been returned does not of itself make it the legal duty of the court to allow the last verdict to stand if unsupported by sufficient evidence."

The same reasoning advanced by Shaw C. J., is employed by the appellate division of the supreme court of New York, in *Ridgley v. Taylor*, 126 App. Div. 303, 110 N. Y. Supp. 665, in sustaining the third verdict in favor of the plaintiff, and yet the courts of that state, in cases where such ruling appeared proper, have set aside successive verdicts as against the weight of the evidence, or sustained the granting of two or more new trials upon the ground of the insufficiency of the evidence to sustain the verdict. *McCann v. New York & Q. C. R. Co.*, 73 App. Div. 305, 76 N. Y. Supp. 684; *Merowitz v. Muttofsky*, 134 N. Y. Supp. 588; *Lacs v. James Everard's Breweries*, 107 App. Div. 250, 95 N. Y. Supp. 25 (citing many cases); *Gnecco v. Pederson*, 154 N. Y. Supp. 12; *Perlman v. Brooklyn Heights R. Co.*, 78 Misc. Rep. 168, 137 N. Y. Supp. 917.

In *Ladwig v. Supreme Assembly Equitable Fraternal Union*, 125 Minn. 72, 145 N. W. 798, the supreme court of Minnesota, having before it statutes and rulings similar to

our own, said, in sustaining an order granting a new trial upon the ground of insufficiency of the evidence to sustain the verdict, "conceding that both new trials were granted for insufficiency of the evidence, the rule in *Hicks v. Stone*, 13 Minn. 434 (that an order granting a new trial for insufficiency of the evidence will not be reversed unless the evidence is manifestly and palpably in favor of the verdict) still applies"—"Limited and qualified by the fact that there have been two concurring verdicts in favor of the plaintiff. *Park v. Electric Thermostat Co.*, 75 Minn. 349, 77 N. W. 988." "But in setting aside the second verdict the discretion should be exercised with caution for there must be an end of litigation," citing previous cases in the same court.

The precise question here involved has never been before this court, but in *Morris v. Warwick*, 42 Wash. 480, 85 Pac. 42, we distinguished our statute, Rem. Code, § 340, empowering the trial court, upon a challenge to the legal sufficiency of the evidence, to decide, as a matter of law, what verdict should be found, discharge the jury and direct judgment, from the statute here involved making insufficiency of the evidence to justify the verdict ground for granting a new trial, and in so doing, said:

"But it will be observed that it does not authorize the court to take the case from the jury and make a final determination of the issues itself; but that, acting on the supposition that substantial justice has not been done by reason of some mistake or inadvertence of the jury, simply gives the parties another trial. As to how often the court would be justified in granting a new trial on the same testimony in the same case, is a question to be determined by the appellate court in passing upon the proper exercise of such discretion on the part of the trial court. Under the theory of the law, however, the ultimate decision upon the question of fact involved is the province of the jury."

From these observations we think we can gather the true rule for determining the proper construction to be given statutes such as ours, and that is, that the power of the trial

judge to grant a new trial upon the ground of insufficiency of the evidence to justify the verdict is not limited or exhausted by the granting of one new trial, but that this court, on passing upon the discretion of the lower courts in granting successive new trials, will review the whole record with a view of ascertaining, 'whether it is more probable that the court is correct in its holding than is the verdict of the jury," having in mind that, in all jury trials, the ultimate decision of every question of fact must rest with the jury, and that there must come a time when, under the constitutional guarantee of trial by jury, the verdict of the jury upon controverted questions of fact must end the litigation, each party having had the benefit of a fair hearing under the established forms of law, and the jury having been advised as to every  principle of law applicable to the case.

Applying this rule to the record before us, we find no clear abuse of discretion on the part of the lower court in granting a second new trial, and the order is affirmed.

ELLIS, C. J., MOUNT, HOLCOMB, and CHADWICK, JJ., concur.