MORRIS ORINSTEIN, Appellant, *v.* SAMUEL A. JAFFEE, Doing Business under the Firm Name and Style of JAFFEE & Co., Respondent.

(Supreme Court, Appellate Term, First Department, December, 1921, Term — Filed January, 1922.)

**Motions and orders** — setting aside verdict — where there is sufficient evidence to justify verdict, setting aside improper — sale according to sample — change in order for goods.

Where a verdict is clearly the result of passion, prejudice or corruption, the discretionary power of the court to set it aside is not intended to establish the proposition that a verdict shall not be permitted to stand unless it is in harmony with the views of the trial justice.

Where, though the testimony on material points is conflicting, there is sufficient evidence to justify the finding of the jury, the granting of a motion to set aside the verdict is an improper exercise of judicial discretion.

In an action to recover the purchase price of calicos alleged to have been sold in accordance with samples, one containing red lines, another blue lines and the other dark blue or black lines, the defendant contended that the contract was for goods containing red and blue lines and dark blue lines, and that contrary to the agreement the plaintiff furnished calicos with black lines, for which reason the goods were rejected. *Held,* that an order setting aside a verdict in favor of plaintiff on the ground that his testimony with respect to the change made in the order for the goods was not only false but a deliberate attempt to insert therein certain words to justify the delivery of goods not called for by the defendant, will be reversed with costs to appellant and the verdict reinstated.

APPEAL by plaintiff from order of City Court of the city of New York setting aside a verdict in favor of plaintiff and ordering a new trial.

Kaufman & Wolf (George Wolf, of counsel), for appellant.

Morris & Samuel Meyers, for respondent.

GUY, J. Plaintiff sued for goods sold and delivered, and the jury gave him a verdict, which has been set aside by the trial court.

The goods were calicos, sold in accordance with three samples, one containing red lines, another blue lines, and the other dark blue or black lines. Defendant contended that the contract was for goods containing red and blue and dark blue lines, and that contrary to the agreement the plaintiff furnished calicos with black lines, for which reason the goods were rejected.

It appears that the order was given by defendant's salesman Kaplan; that in connection with the order he called on two successive days at plaintiff's store, on the first occasion taking away three samples showing red, light blue and dark blue lines; that on the

Appellate Term, First Department, January, 1922. [Vol. 117.

following day he told the plaintiff he would take the goods and presented a written order to plaintiff. When the order was presented it provided only for red and blue lines, and the plaintiff testified that he accordingly called Kaplan's attention to the fact that he had taken three samples, and that he should mark on the order dark blue or black, " whatever the color contained;" that defendant's salesman thereupon called up defendant on the telephone, and after conversation with defendant put down dark blue or black on the order. Defendant's salesman conceded that he changed the order by putting down dark blue, but insisted he never wrote " & blk " thereon.

The verdict in favor of plaintiff was set aside by the trial judge on the ground that the plaintiff's testimony with respect to the change made in the order was not only false but a deliberate attempt to insert in the order certain words to justify the delivery of the goods not called for by the defendant.

It is true that plaintiff did testify in the first place that defendant's salesman wrote " & blk " on the order, after plaintiff told him to put it on, but he afterwards said that he did not remember whether the salesman wrote it, and admitted that it was possible that he himself wrote the words there before the order was finally closed. The plaintiff's witness and employee Kunkin, who testified he was present at the time of the sale, stated on direct-examination that although the defendant's salesman wrote " dark blue " on the paper, the plaintiff, not defendant's salesman, put down " & blk " at the time the order was given.

The question as to the contract made by the parties was peculiarly one for the jury, and the fact that the trial judge would have decided the issue in favor of defendant did not warrant his setting the verdict

aside. The power vested in a trial court to set aside a manifestly unjust verdict, where it is clearly the result of passion, prejudice or corruption, was not intended to establish the proposition that the verdict of a jury on questions of fact shall not be permitted to stand unless it is in harmony with the views of the justice presiding. Where the evidence is conflicting on material points and there is sufficient evidence to justify the findings of a jury, the setting aside of the verdict by the court is an improper exercise of judicial discretion. *Berkowitz* v. *Consolidated G. Co.,* 134 App. Div. 389; affd., 201 N. Y. 512; *Perlman* v. *Brooklyn Heights R. Co.,* 78 Misc. Rep. 168.

There were no errors committed during the trial prejudicial to the respondent.

Order reversed, with costs to appellant, and verdict reinstated.

Gavegan and Mullan, JJ., concur.

Order reversed, with costs to appellant, and verdict reinstated.