### BARNETT v. ANHEUSER–BUSCH AGENCY.

(Supreme Court, Appellate Term. April 16, 1912.)

MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREET—NEGLIGENCE—ACTION—EVIDENCE.

    Evidence in an action to recover for the loss of plaintiff's horse by a collision with defendant's electric beer truck *held* not sufficient to sustain a verdict for plaintiff.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706;* Highways, Cent. Dig. §§ 471–474.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by George S. Barnett against the Anheuser-Busch Agency. From a judgment in favor of plaintiff, entered in the Municipal Court of the City of New York after a trial by a judge without a jury, defendant appeals. Reversed, and new trial ordered.

Argued March term 1912, before GUY, LEHMAN, and BIJUR, JJ.

Blumenstiel & Blumenstiel, of New York City (Edwin Blumenstiel, of counsel), for appellant.

Leon Forst, of New York City, for respondent.

BIJUR, J. Plaintiff's story is that, while driving a truck eastward on Twenty-Eighth street, shortly after he emerged onto Eighth avenue, and when he was twelve or fifteen feet from the south-bound car track, he saw defendant's electrically propelled beer truck, coming south on that track. The truck was then proceeding slowly, and was about 150 feet away. The driver of the beer truck thereupon put on great speed, and covered the 150 intervening feet while plaintiff's horse was moving 12 or 15 feet, striking the horse in the head and leg, and injuring it so that it had to be shot. The story of this remarkable speed of the electric truck is well-nigh incredible in itself. But, in addition, there is the fact that plaintiff's witness, who was standing some 40 or 50 feet from the point of the accident, overtook the truck within 150 feet and notified the driver of the accident.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I fail, in any event, to find any evidence of negligence on the part of defendant's driver, and certainly none which was not fully shared by plaintiff's driver. Defendant's evidence, which is not shaken in any degree, is to the effect that the electric truck could not go more than 4½ miles per hour, but might have gone a little faster at that point, because there is a slight downgrade. Defendant's testimony indicates the only reasonable explanation of the accident, namely, that plaintiff's horse continued to advance, the driver evidently expecting that the electric truck would pass ahead of it, but that the horse collided with the hind wheel of the electric truck.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.