(80 Misc. Rep. 151.)

### BARNETT v. ANHEUSER–BUSCH AGENCY.

(Supreme Court, Appellate Term, First Department.   March 11, 1913.)

1. APPEAL AND ERROR (§ 1006*)—REVIEW—SUFFICIENCY OF EVIDENCE.

In an action for injuries to a horse in a collision with an·'electric truck, the appellate court will reverse for insufficiency of evidence to sustain a verdict for plaintiff, though in two previous trials on the same evidence the court, on a .trial without a jury, found in favor of plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3951–3954; Dec. Dig. § 1006.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—NEGLIGENCE—EVIDENCE.

 Evidence in an action to recover for the loss of plaintiff's horse by a collision with defendant's electric truck *held* not sufficient to sustain a verdict for plaintiff.

 [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

 Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First Department.

Action by George S. Barnett against the Anheuser-Busch Agency. From a judgment in favor of plaintiff, entered in the Municipal Court of the City of New York, defendant appeals. Reversed, and judgment absolute rendered for defendant.

 Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Blumenstiel & Blumenstiel, of New York City (Edwin Blumenstiel, of New York City, of counsel), for appellant.

Leon Forst, of New York City (Harry A. Gordon, of New York City, of counsel), for respondent.

BIJUR, J. The judgment appealed from is the result of a third trial of this case. All the trials have terminated in plaintiff's favor. The first two were held by a judge without a jury, and judgments for the plaintiff were reversed in this court. 134 N. Y. Supp. 734.

[1, 2] It is needless to discuss the *weight* to be accorded to the evidence by an appellate court after three successive trials, a point on which respondent lays some stress, since the third trial presents the same situation as the first two, namely, an *absence* of evidence on which may be predicated either material negligence of the defendant or freedom from contributory negligence on the part of the plaintiff. Meinrenken, as Adm'x, v. N. Y. C. & H. R. R. Co., 103 App. Div. 319, 92 N. Y. Supp. 1015; Adams v. N. Y. City Ry. Co., 125 App. Div. 551, 109 N. Y. Supp. 1019. Indeed, plaintiff's counsel does not indicate in his brief what the negligence may be upon which he thinks the recovery is based. He says:

"The only plausible explanation of the accident is that the chauffeur of the automobile truck, relying upon the speed which the automobile had attained going downgrade, estimated that he could pass in front of the horse by turning slightly to the east, and he succeeded in drawing the front part of his automobile in front of the horse, but that the rear wheels of the automobile slid in the tracks, a usual occurrence, thereby striking the horse's head, and then passing over his left foreleg."

 I find in this statement nothing to indicate negligence on the part of the defendant's chauffeur, but, on the contrary, only an intimation of plaintiff's belief that defendant erred in estimating that he could pass in front of plaintiff's horses. But, even assuming that negligence may be predicated on such a state of facts, it is quite clear that plaintiff's driver, who continued his courses uninterruptedly, was equally and pari passu at fault.

. As all possible evidence upon the issues involved in this case seems to have been exhausted, and defendant duly moved for a verdict in his favor, the judgment will be reversed, and judgment absolute rendered for defendant, with costs in this court and in the court below.

GERARD, J., concurs.　SEABURY, J., dissents.