## BARNETT v. ANHEUSER–BUSCH AGENCY.

(Supreme Court, Appellate Division, First Department. December 19, 1913.)

TRIAL (§ 143*)—DIRECTION OF VERDICT—CONFLICTING EVIDENCE.

Where there were controverted questions of fact upon conflicting evidence, an absolute direction for defendant was unwarranted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

Appeal from Appellate Term, First Department.

Action by George S. Barnett against the Anheuser-Busch Agency. From a determination entered upon a verdict of a jury for $400, and rendering judgment absolute for the defendant, in an action to recover damages for negligence, plaintiff appeals. Determination (140 N. Y. Supp. 1029) reversed, and judgment of Municipal Court reinstated.

See, also, 156 App. Div. 940, 141 N. Y. Supp. 1108.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Wellman, Gooch & Smyth, of New York City (Herbert C. Smyth, of New York City, of counsel, and Harry A. Gordon, of New York City, on the brief), for appellant.

Blumenstiel & Blumenstiel, of New York City (Edwin Blumenstiel, of New York City, of counsel, and Milton M. Blumenthal, of New York City, on the brief), for respondent.

CLARKE, J. This action was brought to recover the value of a horse, owned by the plaintiff, so badly injured in a collision with an automobile truck belonging to the defendant that it had to be shot. The case has been twice tried in the Municipal Court without a jury. The plaintiff recovered a judgment for $400 upon each trial. Both of said judgments were reversed by the Appellate Term.

The case was again tried with a jury, additional evidence being produced, including that of an eyewitness of the accident, who was not available at either of the previous trials. The jury rendered a verdict for $400 for the plaintiff. Upon appeal, this third judgment was reversed by the Appellate Term by a divided court, and judgment absolute ordered for the defendant. This appeal is by leave of the Presiding Justice.

As controverted questions of fact upon conflicting evidence, both as to the defendant's negligence and the freedom from negligence of the driver of the horse, were presented, the direction for judgment absolute by the Appellate Term was unwarranted. Upon careful consideration of the whole record, we are of the opinion that the verdict for the plaintiff was not against the evidence, or the weight thereof, and should not have been set aside, and that there were no legal errors committed which required reversal.

The determination appealed from should be reversed, and the judgment of the Municipal Court reinstated, with costs to the appellant in this court and at the Appellate Term. All concur.